In the Matter of Max Steinberg, an Attorney, Respondent.
In the Matter of John J. Tullman, an Attorney, Respondent.

First Department, October 9, 1931.

*Einar Chrystie*, for the petitioner.

*Benno Lewinson*, for the respondents.

FINCH, P. J.   The respondent Max Steinberg was admitted to practice as an attorney and counselor at law in the State of New York on June 27, 1928, at a term of the Appellate Division of the Supreme Court of the State of New York, Second Department. The respondent John J. Tullman was admitted to practice as an attorney and counselor at law under the name of Jacob Tullman, in the State of New York on July 2, 1926, at a term of the Appellate Division of the Supreme Court of the State of New York, First Department.

The respondents are copartners and the charges against them are based upon the same transaction. They are charged with professional misconduct in that they wrote to one Sernoffsky, an attorney, located in Buffalo, N. Y., a letter for the purpose of misleading him into believing that certain terms of a proposed settlement of a controversy between respective clients of Sernoffsky and the respondents had been accepted. This to the end that the client of Sernoffsky, one Weisfeld, might be induced to attend at the office of the respondents so as to facilitate service upon him of process in two actions, in one of which respondents were plaintiffs. There never had been any intention of accepting said offer of settlement. In reliance upon said letter, and upon a subsequent telephone message sent by the respondent Steinberg confirming the understanding that the meeting was for the purpose of effecting a settlement the terms of which had been agreed upon, Sernoffsky and his client attended at the office of the respondents and service was thereupon effected upon the client of Sernoffsky.

Respondents answered, and the matters were referred to an official referee to take testimony in regard to the charges and to report the same with his opinion thereon to this court. Pursuant to stipulation both proceedings were heard together.

The learned referee has duly reported, finding the respondents guilty of professional misconduct as charged. The petitioner now moves for confirmation of the report and for such further action as the court may deem proper.

The finding of the referee is confirmed. The facts are undisputed. Neither of the respondents offered any evidence in his own behalf. The respondent Steinberg had active charge of the matter in question and conducted all the correspondence. The respondent Tullman expressly admits knowledge of the transactions involved in the charge and that he knew of the letter which is the basis of the charge and made no objection to its being sent.

In this acrimonious litigation these respondents, with excessive zeal, have been guilty of deliberate equivocation in order to bring a proposed defendant into this jurisdiction under false pretenses, for the purpose of serving process upon him.

The respondents should be severely censured.

MERRELL, McAVOY, MARTIN and SHERMAN, JJ., concur.

Respondents censured.