**CARVER v. CLEPHANE et al.**

**No. 8324.**

United States Court of Appeals for the
District of Columbia.

Argued May 6, 1943.

Decided July 8, 1943.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. John E. Laskey, of Washington, D. C., with whom Mr. Walter C. Clephane, of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

Appellant brought this proceeding in the District Court to compel appellees, the members of that court's Committee on Admissions and Grievances, to certify him to the court for admission to its bar. After a hearing, the District Court dismissed his complaint on the ground that he had "failed to establish such qualifications as to character as to warrant his admission at this time to the bar of the court."

Appellant had taken the bar examination four times, twice in 1937 and twice in 1938. The fourth time he passed. On each of his four applications he was asked whether he had ever been a party to or involved in any legal proceedings. If so, he was asked to state the facts fully. Each time his answer referred only to a judgment recovered against him in the Municipal Court. Three of the four application blanks contained the question "Have you ever applied for the right to practice before any Governmental department, bureau or commission?" In each case he answered "No." In his latest application he answered "No" to the question "If admitted to such practice have any charges ever been preferred against you?"

In accordance with Rule 93(b) of the District Court, appellees proceeded to inquire whether appellant was of good moral character. They learned that he had formerly engaged for several years in representing claimants in trade-mark matters in the Patent Office; that in 1931 he was excluded from that practice, on charges of gross misconduct, by formal action of the Commissioner of Patents, after notice and a hearing at which he failed to appear; that he appealed to the Supreme Court of the District of Columbia; and that that court, after a hearing which appellant attended, sustained the order of the Commissioner.

Appellees thereupon gave appellant a full hearing. He was examined at length, and several witnesses testified by affidavit to his good character. Appellees found that he was lacking in that good moral character which should be possessed by members of the bar. Among other things they found that he had been guilty of gross misconduct in his Patent Office practice and that in failing to allude, in his applications for admission to the bar, to his exclusion from Patent Office practice and to the judicial proceedings which confirmed it, he had attempted to deceive appellees into believing that he had never been a party to such proceedings and that no charges had ever been preferred against him before any government bureau.

The evidence fully sustains the findings of the Committee and of the District Court. There is nothing in the record

which either authorizes or inclines us to interfere with the court's judgment. The matter concerns the integrity of the court's bar. Within very wide limits, standards of fitness for membership in the bar of the District Court are for the District Court itself to establish and maintain. In our own opinion, appellant's lack of candor[1] in his repeated applications for admission to the bar is reason enough for his exclusion. If his statements in those applications were not expressly false, they carried false implications. If appellant has sufficient understanding to be a member of the bar he must have been aware of those implications. He expresses no regret for his statements. He does not attempt to excuse them as hasty or inadvertent; on the contrary, he attempts to justify them by saying that he "was never admitted to practice before the United States Patent Office; it was not necessary to be admitted to pursue such matters as he pursued there." One who repeatedly prevaricates or equivocates in legal documents is not qualified to be a member of the bar, for a lawyer whose word cannot be relied upon is a menace to clients, the courts, and the public. A Committee on Admissions and Grievances has no higher duty than that which appellees have discharged.

Affirmed.

---

[1] Cf. New York Cent. R. Co. v. Johnson, 279 U.S. 310, 319, 49 S.Ct. 300, 73 L.Ed. 706; Matter of Yardum, 218 App. Div. 134, 218 N.Y.S. 6; Matter of Steinberg, 233 App.Div. 301, 252 N.Y.S. 755.