**CHUDOFF v. McGRANERY, Judge.**

No. 10044.

United States Court of Appeals
Third Circuit.

Argued Oct. 4, 1949.

Decided Feb. 7, 1950.

Maurice M. Green, Philadelphia, Pa., for Chudoff.

Joseph W. Henderson, Philadelphia, Pa., for respondent.

Stewart Lynch, Wilmington, Del., amicus curiae.

Before BIGGS, Chief Judge, and MARIS, McLAUGHLIN, O'CONNELL and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

On May 9, 1949 there was pending in the United States District Court for the Eastern District of Pennsylvania a crim-

inal indictment, Criminal No. 15174, charging one Edward F. Turner with depositing obscene matter in the United States mails. See 18 U.S.C.A. § 1461. On that day the Honorable Earl Chudoff, a member of the Bar of the Supreme Court of Pennsylvania and a Representative in Congress from Pennsylvania, appeared at the bar of the court below before the Honorable James P. McGranery, one of the judges of the United States District Court for the Eastern District of Pennsylvania and indicated that "temporarily" at least he would ask his client, Turner, to plead "not guilty" to the indictment. Mr. Chudoff stated that he intended to talk about the case to the United States Postal Inspectors and to the United States Attorney.

Judge McGranery asked Mr. Chudoff: "Don't you know that in your position as a Congressman you are not permitted to do that?" Mr. Chudoff replied that he did not know this. The judge said, "I do not want to put you out of the case. You look it over and let me know." After further colloquy the court stated: "I will not take your plea, Mr. Chudoff." [1] It appears that Judge McGranery was of the opinion that the provisions of Section 281 of Title 18 United States Code Annotated, "Crimes and Criminal Procedure", set out in pertinent part in the margin,[2] has made it a criminal offense for a Representative in Congress, not to try a case in a United States district court in which the United States is a party, but to communicate with an "agency" of the United States, viz., the United States Attorney or members of his staff respecting such a trial. Judge McGranery said: "It [Section 281] goes so far, Mr. Chudoff, that if you can try a case without talking to the Assistant United States Attorney you will be permitted to do so." Mr. Chudoff replied: " * * * I will withdraw, but I certainly want to have an opportunity to look into it. I would like to continue all [3] the cases." Judge McGranery then said that he would be "very glad" to continue the Turner case.

On May 16, 1949 Mr. Chudoff, represented by Maurice M. Green, Esquire, a member of the bar, appeared before the Judicial Council of this Circuit, see Section 332 of Title 28 United States Code Annotated, and, stating to the Judicial Council that he understood that Judge McGranery was of the opinion that his appearance for Turner in the criminal case might involve a violation of Section 281 of Title 18, United States Code Annotated, asked the Judicial Council " * * * to take appropriate action to afford him his rights as a member of the bar." Upon consideration the Council unanimously concluded that the matter presented a legal, rather than an administrative, question and

---

1. Judge McGranery was speaking colloquially. The practice in the United States District Court for the Eastern District of Pennsylvania is the same as it is in the other United States District Courts of this Circuit, viz., the defendant himself enters the plea, stating, "Not guilty", "Guilty", or "Nolle contendere.", albeit usually on the prompting of his attorney.

2. The first paragraph of Section 281 provides:

"Whoever, being a Member of or Delegate to Congress, or a Resident Commissioner, either before or after he has qualified, or the head of a department, or other officer or employee of the United States or any department or agency thereof, directly or indirectly receives or agrees to receive, any compensation for any services rendered or to be rendered, either by himself or an-

other, in relation to any proceeding, contract, claim, controversy, charge, accusation, arrest, or other matter in which the United States is a party or directly or indirectly interested, before any department, agency, court martial, officer, or any civil, military, or naval commission, shall be fined not more than $10,000 or imprisoned not more than two years, or both; and shall be incapable of holding any office of honor, trust, or profit under the United States."

3. Mr. Chudoff also represented the defendant in the case of United States v. Toto, Criminal No. 15074 on the docket of the United States District Court for the Eastern District of Pennsylvania. It appears from the docket of that court that Toto entered a plea of guilty to the indictment on August 22, 1949. We take judicial notice of these facts.

therefore was not within the competence of the Council. During the course of the hearing before the Council it appeared that Mr. Chudoff had never been admitted to the bar of the United States District Court for the Eastern District of Pennsylvania. When this fact was called to his attention, Mr. Chudoff, after the meeting of the Council, caused his admission to that bar to be moved and thereupon he was duly admitted as a member of the bar of the United States District Court for the Eastern District of Pennsylvania, entitled to practice in that court.[4]

On September 2, 1949 Mr. Chudoff petitioned this court for a writ of mandamus, or, in the alternative, for a writ of prohibition to cause us to direct Judge McGranery to permit him to appear at the bar of the United States District Court for the Eastern District of Pennsylvania on behalf of the defendant Turner, or on behalf of any other defendant, and to allow him to "* * * enter such plea or pleas as may be desired to be entered by the said defendant or defendants. * * *" Paragraph 4 of the Chudoff petition alleges: "That the * * * Honorable James P. McGranery * * * before whom pleas * * * [were to] be entered on * * * [May 9, 1949] refused to permit your petitioner to enter [a] plea of not guilty for and on behalf of the said defendant, Edward F. Turner * * *" and paragraph 5 of the petition states: "That subsequently the said Honorable James P. McGranery did advise your petitioner that should he persist in attempting to enter a plea and permit his appearance to continue of record for said defendant, Edward F. Turner, he would issue a certificate to the office of the Attorney General of the United States, certifying that your petitioner was in violation of Section 281 of Title 18, United States Code, relating to Crimes and Criminal Procedure."

An answer was filed by Judge McGranery. Paragraph 4 of the answer in effect admits the allegations of paragraph 4 of the petition. Paragraph 5 of the answer denies the allegations of paragraph 5 of the petition and states: "On the contrary, the petitioner visited the respondent in chambers on several occasions after May 9, 1949, accompanied by his counsel, Maurice M. Green, Esquire, and requested the respondent 'to enter some order of record' in the case which would lay a foundation for an opportunity to have the issue in question, i. e., whether a Member of Congress could legally represent a defendant in a criminal case brought by the United States in this Court, without the necessity of the petitioner proceeding with the trial of the case to its conclusion. The respondent advised the petitioner that as a member of the Bar of this Court, he had a right to appear in and try the case under consideration and that such right would not be denied by the respondent, but that if the petitioner should so proceed, the respondent after the completion of the trial probably would certify the record of the case together with a record of the petitioner's participation therein to the United States Attorney for such action as he might deem appropriate in view of the provisions of Section 281 of Title 18 of the United States Code." It is stipulated by the parties that the conference referred to in paragraphs 5 of the petition and answer took place after May 16, 1949, when Mr. Chudoff had been admitted as a member of the bar of the United States District Court for the Eastern District of Pennsylvania and was entitled to practice at that bar.

On August 22, 1949 at a hearing in the United States District Court for the Eastern District of Pennsylvania held before Judge George A. Welsh a plea of "guilty" was entered by Turner. Both the minutes of the court and a formal transcript of the proceedings filed by the attending reporter show that Mr. Leon Fox, an Assistant United States Attorney, appeared for the United States and that Mr. Chudoff appeared for Turner. We take judicial notice of these facts.

4. We take judicial notice of Mr. Chudoff's admission to the bar of the United States District Court for the Eastern District of Pennsylvania on the day stated.

■ We have stated the circumstances more fully than strict necessity requires in order that what lies before this court on the instant petition may be clear and so that we may make our conclusions plain. It appears that on May 9, 1949 Judge McGranery refused to permit Turner to enter a plea of "not guilty" because he was represented by Mr. Chudoff. But on that date Mr. Chudoff was not entitled to appear on behalf of a client in the United States District Court for the Eastern District of Pennsylvania since he was not then a member of the bar of that court and entitled to practice law therein. No constitutional question is presented on this issue [5] for Mr. Chudoff, a member in good standing of the bar of the Supreme Court of Pennsylvania, prior to or upon May 9, 1949 could have become a member of the bar of the United States District Court for the Eastern District of Pennsylvania merely by having his admission moved therein and fulfilling other formal requirements. Mr. Chudoff effected membership to that bar without difficulty on May 16, 1949. The admission of an attorney to practice at the bar of a court, while a formal matter, is nonetheless a prerequisite of practice before that bar.[6]

■ As to the allegations of paragraph 5 of the complaint and the statements of paragraph 5 of the answer dealing with the conferences between Mr. Chudoff and Judge McGranery following the admission of the former to the bar of the United States District Court for the Eastern District of Pennsylvania we are of the opinion that this court could not impose any sanction that would prohibit a United States judge or any other person from making a complaint to the Attorney General of the United States if he believes that a federal statute is being violated. In so stating we do not determine the validity of the respective views expressed by Judge McGranery or by Mr. Chudoff in their colloquy in court or in their subsequent conferences.

■ As to the right of Mr. Chudoff to enter a plea on behalf of Turner, since it appears that a plea was entered by Turner on August 22, 1949, Mr. Chudoff being present and representing Turner, it is clear that that question is moot.

There is no justiciable controversy before this court and no issue as to which a writ of mandamus or prohibition could be in any wise appropriate. Consequently, the rule to show cause will be discharged.

Judge O'CONNELL participated in the hearing and decision of this case but died before the opinion was filed.

5. See Amendment VI; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; 1 Cooley's Constitutional Limitations, 698 (8 Ed., 1927).

6. Rule 3 of the Rules of the United States District Court for the Eastern District of Pennsylvania, provides in pertinent part:

"Attorney and Counsel.

Section 1. No person shall be admitted to practice as counsel or attorney of this court, unless he shall have previously been admitted in the Supreme Court of a State, or the Supreme Court of the United States; and satisfactory evidence of moral character will also be required. He shall take the following oath or affirmation, to wit: 'I do swear that I will demean myself, as an attorney of this court, uprightly and according to law; and that I will support the Constitution of the United States.'

Section 2. Attorneys and counsellors at law, who have been admitted and are entitled to practice as such in the Supreme Court of the United States, shall be deemed members of the bar of this Court, and shall have the same rights and privileges therein, as such, as if they had been regularly admitted in this Court. * * * "

See In re Summers, 325 U.S. 561, 65 S.Ct. 1307, 89 L.Ed. 1795; Carver v. Clephane, 78 U.S.App.D.C. 91, 137 F.2d 685; Brents v. Stone, D.C.Ill., 60 F.Supp. 82, 83.