**In re JACOBI.**
**Misc. No. 374.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 26, 1954.

Decided April 29, 1954.

Petition for Rehearing Denied
June 3, 1954.

Mr. Alfred J. Jacobi, petitioner, pro se.

Mr. Paul A. Sweeney, Atty., Department of Justice, Washington, D. C., for respondents.

Before WILBUR K. MILLER, PRETTYMAN, and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a petition for a writ of *mandamus,* directed to the Chief Judge and Associate Judges of the United States District Court for the District of Columbia. Permission to file the petition was granted by this court on August 14, 1953, upon a motion for leave to file it. The petition seeks a writ which would direct the Clerk of the District Court to file a notice of appeal and a designation of a record deposited by petitioner on or about November 3, 1952.

In 1931 petitioner filed an application for admission to the bar of the District Court. He took and passed the written examinations for admission to the bar in June, 1931, twenty-three years ago. A series of interviews or hearings followed over the years, the Committee on Admissions continuing to refuse to recommend his admission. In 1952 he filed a "Special Petition" for admission. Jacobi tells us this "Special Petition" was a device improvised by him. It did not purport to be filed against the Committee on Admissions. In response to it he received a personal letter from the Chief Judge of the District Court, saying that it was denied. Thereupon Jacobi attempted to appeal to this court from that letter. That attempt is the subject matter of the present proceeding.

This court held in Brooks v. Laws [1] that an application for admission to the bar does not constitute a proceeding which requires a judicial judgment. Upon such an application there is, we held, nothing which the Clerk of the court is required to enter upon the court docket, or which requires an open hearing upon evidence openly taken, or which requires a judicial determination upon the facts thus openly recorded. In this sense the application and its rejection are not a case or controversy. Failure or refusal to act favorably upon such an application does not constitute a judicial judgment or order and so is not appealable. Neither, we held, does correspondence from the court or the judges to the applicant constitute a judicial order or judgment.

The Rules of Civil Procedure make amply clear the manner in which one who has a cause of action may formulate it into a case or controversy within the procedural requirements for judicial determination. It is clear from Carver v. Clephane,[2] cited in Brooks v. Laws, supra, that a person having what he believes to be a cause of action against the Committee on Admissions of the District Court because of alleged wrongs committed by that Committee, may lodge a complaint in a civil action against the Committee, which will receive judicial determination, which in turn will be an appealable judgment. Nothing in Brooks v. Laws is to the contrary. Such a complaint must, of course, meet the requirement of the Rules for a short and plain statement of the claim, showing that the complainant is entitled to relief, and it must withstand attack upon the substance of the claim as a justiciable allegation of wrongdoing; and also, of course, the complainant bears the burden of proof if his claim withstands initial attack and goes to hearing.

The petition for a writ of *mandamus* is denied.

[1]. 1953, 92 U.S.App.D.C. 367, 208 F.2d 18.

[2]. 1943, 78 U.S.App.D.C. 91, 137 F.2d 685.