**In the Matter of Admission to Practice of Anthony B. DREIER.**

**Anthony B. Dreier, Appellant.**

**No. 12589.**

United States Court of Appeals Third Circuit.

Argued June 3, 1958.

Decided July 30, 1958.

James Lenahan Brown, Wilkes-Barre, Pa. (Flood & Brown, Wilkes-Barre, Pa., on the brief), for appellant.

No appearance for appellee.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

The appellant, Anthony B. Dreier, a member of the bar of Luzerne County and of the Supreme Court of Pennsylvania, was convicted in a Luzerne County court, at some time prior to June 1, 1954, upon indictments charging bribery, fraudulent conversion and illegal sale of law books to the City of Nanticoke. The charges involved actions by the appellant while serving as mayor of Nanticoke and did not relate to his professional practice. The appellant was given suspended sentences upon all the counts of the indictments upon condition that he resign as mayor, which he immediately did. The appellant's case was thereupon taken up by the Board of Censors appointed by the Luzerne County court which, after an informal hearing, recommended to the court that he be suspended from practice for one year. The Luzerne County Court of Common Pleas thereupon on June 1, 1954, suspended the appellant from practice for that period of time. On December 1, 1954, the court sitting en banc reduced appellant's period of suspension to six months from June 1, 1954. He was not disciplined by the Supreme Court of Pennsylvania, however, and is today a member in good standing of the bar of Luzerne County and of the Supreme Court of Pennsylvania.

On February 4, 1958, the appellant's admission to the bar of the District Court for the Middle District of Pennsylvania was moved by a member of that bar and a hearing on the motion was then held by the chief judge of the court. At the hearing the facts appeared which we have recited above and at its conclusion the chief judge, without apparently giving any consideration to the appellant's record since his reinstatement, concluded that because of his prior con-

victions he was not the kind of lawyer who should practice in the district court and he accordingly denied the motion for the appellant's admission. This appeal followed.[1]

Pursuant to the authority conferred by section 1654 of title 28, United States Code, the District Court for the Middle District of Pennsylvania has adopted the following rule with respect to the admission of attorneys to practice in the court:

"Any person of good moral and professional character, residing in the Middle District of Pennsylvania or maintaining an office therein for the regular practice of law, shall be entitled to admission as an attorney and counselor of this Court, if such person shall have been previously admitted to practice in the Supreme Court of the United States, the Circuit Court of Appeals of the Third Circuit or the Supreme Court of Pennsylvania. He shall subscribe to the roll and take the following oath: 'I do swear (or affirm) that I will demean myself as an attorney and counselor of this Court uprightly and according to law, and that I will support the Constitution of the United States.'"

Under this rule, and the similar rules in force in most other federal district courts and in the courts of appeals, reliance is largely placed by the court upon the courts of the states for determining the qualifications of persons seeking admission to the bar. This is evident from the fact that, except in the District of Columbia, there is no federal procedure for examining applicants either as to legal ability or moral character and so reliance is placed on prior admission to the bar of a state supreme court.[2] See

Chudoff v. McGranery, 3 Cir., 1950, 179 F.2d 869, 872; Ginsburg v. Kovrak, 1957, 11 Pa.Dist. & Co.R.2d 615, 618, affirmed 1958, 392 Pa. 143, 139 A.2d 889, 891. The Middle District rule, of course, requires of an applicant that he be a person of good moral and professional character and it was, therefore, proper for the district court to give consideration to the appellant's qualifications in this regard when his application for admission came before it. But we think the court erred in giving controlling weight to the appellant's previous convictions and little or no weight to the evidence of his subsequent rehabilitation and present good moral character. By the appellant's forced resignation from the office of mayor of Nanticoke and by his suspension from the practice of law for one year (later reduced to six months) he was punished for the conduct for which he was convicted by the court which tried him and had the closest familiarity with his actions.[3] However, as we have said, that court subsequently reinstated him and it was stated at argument in our court that the president judge of that court has certified that the appellant is of good moral character and a member of the bar of that court in good standing.

Certainly an erring lawyer who has been disciplined and who having paid the penalty has given satisfactory evidence of repentance and has been rehabilitated and restored to his place at the bar by the court which knows him best ought not to have what amounts to an order of permanent disbarment entered against him by a federal court solely on the basis of an earlier criminal record and without regard to his subsequent rehabilitation and present good

1. We are satisfied that the matter involves a justiciable controversy and that the order, being final, is appealable. In re Summers, 1945, 325 U.S. 561, 65 S. Ct. 1307, 89 L.Ed. 1795; Atchison, Topeka & Santa Fe Railway Co. v. Jackson, 10 Cir., 1956, 235 F.2d 390.

2. While most federal courts also admit lawyers upon evidence of their admission to the bar of another federal court, the first admission of such a lawyer to practice in a federal court is almost always upon evidence of his admission to the bar of the highest court of a state or the District of Columbia.

3. Three of the five judges of that court presided at one or another of his criminal trials.

character. See *Schware v. Board of Bar Examiners*, 1957, 353 U.S. 232, 246–247, 77 S.Ct. 752, 1 L.Ed.2d 796. We think, therefore, that the district court should reconsider the appellant's application for admission and grant it unless the court finds it to be a fact that the appellant is not presently of good moral or professional character.

The order of the district court will be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.