**In re DISCIPLINE OF James A. ASH-TON, A Member of the Bar of the United States District Court for the Western District of Pennsylvania.**

**Appeal of James A. ASHTON.**

**No. 84–3680.**

United States Court of Appeals, Third Circuit.

Aug. 21, 1985.

Before ALDISERT, Chief Judge, and SEITZ, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER, BECKER and STAPLETON, Circuit Judges.

SUR PETITION FOR REHEARING

GIBBONS, Circuit Judge.

The petition for rehearing filed by appellant in the above entitled case, 768 F.2d 74, having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

ADAMS, Circuit Judge, dissenting.

I respectfully dissent from the refusal of the Court to hear this matter in banc.

It is undisputed that James Ashton: 1) practiced law in the District Court for the Western District of Pennsylvania, and yet is unable to prove that he has ever been admitted to that court; 2) was convicted on two federal counts of mail fraud related to his representation of clients, for retaining money advanced to him on behalf of a client who had been involved in an automobile accident; 3) while serving as a law clerk in the offices of a state court judge, used the chambers' phone number on his personal letterhead (this may represent the illegal practice of law, although Ashton disputes this point); 4) had been accused in the past by several observers, including a panel of this Court, of poorly representing

---

clients; 5) while on federal probation, discussed with another attorney potential investigation work for a client, before a judge could approve such activity (the judge ultimately denied Ashton permission to perform this work); 6) had a series of other complaints reported to the district court against him in the past; and 7) had suffered a serious problem of alcoholism in the past. Presented with this evidence, every judge in the District Court for the Western District of Pennsylvania refused to admit Ashton to practice in the court—at least at the present time.[1] For an appellate court to direct the trial court to admit Ashton to practice under these circumstances would appear to be, at the very least, improvident.

The appellate panel noted the rule of the district court that applicants to the court's bar must demonstrate adequate personal and moral character. Focusing on Ashton's present character, the panel determined that he was rehabilitated following his earlier wrongdoing, and reversed as clearly erroneous the district court's decision that evidence of recent transgressions supported denial of Ashton's admission.

This exercise of appellate authority is troubling, especially in light of this Court's recognition that it "will grant substantial deference to a district court in the interpretation and application of local district court rules." *United States v. Miller*, 624 F.2d 1198, 1200 (3d Cir.1980). This principle has been unquestioned since Chief Justice Marshall stated it so clearly in *Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 6 L.Ed. 152 (1824):

> On one hand, the profession of an attorney is of great importance to an individual, and the prosperity of his whole life may depend on its exercise. The right to exercise it ought not to be lightly or capriciously taken from him. On the other, it is extremely desirable that the respectability of the bar should be maintained, and that its harmony with the bench should be preserved. For these objects, some controlling power, some discretion, ought to reside in the court. This discretion ought to be exercised with great moderation and judgment; but it must be exercised; and no other tribunal can decide, in a case of removal from the bar, with the same means of information as the court itself.

*Id.* at 529–30, 6 L.Ed. 152; *Burr* was cited as recently as *In re Snyder*, —— U.S. ——, ——, 105 S.Ct. 2874, 2880, 86 L.Ed.2d 504 (1985).

Such deference is especially appropriate in the present matter, which presents the difficult and imprecise task of judging an individual's character. The district court judges were able to observe Ashton and his witnesses, and many of the judges had personal knowledge of the complaints against him. The district court was therefore in an especially advantageous position to make the necessary evaluation. It is not dispositive that the reports before the district court concerned behavior that occurred before Ashton's recent readmission to the state bar. One does not establish his or her character in a day, and in examining Ashton's record of misconduct the judges were necessarily required to take into account his entire history at the bar.

I do not mean to suggest that the district court's conclusion is unassailable, or that the procedures it followed adequately safeguarded Ashton's rights. But in a matter such as this the appellate court should primarily guide the district court, and give substantial deference to that court's proper exercise of discretion. Notably, in *In re Dreier*, 258 F.2d 68 (3d Cir.1958), the Court speculated that the applicant's present character was sound, but did not order his reinstatement. Instead, the Court remanded, to allow the district court to make its

---

**1.** The district court was also aware of serious rumors concerning Ashton's past conduct, implicating him in a threat on a judge's life and in discussion of the possibility of bribing a judge. Ashton denied these charges, but considering the undisputed actions detailed above the court was understandably concerned by these allegations and by the prospect of Ashton's admission at this time. The purpose of disbarment is, after all, "to protect the public." *In re Ruffalo*, 390 U.S. 544, 550, 88 S.Ct. 1222, 1225, 20 L.Ed.2d 117 (1968).

own determination in light of the panel's guidance.

In directing that Ashton be reinstated for immediate membership in the bar in spite of his record and in spite of the unanimous vote of the members of the district court, the panel's decision seriously impedes the ability of the trial court to police its own bar. I believe that a more cautious and judicious result would be obtained by remanding to the trial court with appropriate guidelines regarding the proper procedure to be employed in evaluating Ashton's request for admission to the bar.

For these reasons, I would grant rehearing in this matter.

Circuit Judges JAMES HUNTER, III, WEIS, GARTH, and STAPLETON join in this statement.