240 F.2d 213
 Matter of the Application of Ben WASSERMAN, for admission to
the Bar of the United States District Court,
Southern District of California.
Ben Wasserman, Appellant.
 No. 14762.
 United States Court of Appeals, Ninth Circuit.
 Oct. 2, 1956.
 
 Bertram S. Harris, Los Angeles, Cal., for appellant.
 Garrett H. Elmore, General Counsel, State Bar of California, San Francisco, Cal., J. E. Simpson, Michael G. Luddy, Peter E. Giannini, Los Angeles, Cal., Eugene M. Prince, San Francisco, Cal., amici curiae, for State Bar of California.
 Before FEE and CHAMBERS, Circuit Judges, and FOLEY, District Judge.
 JAMES ALGER FEE, Circuit Judge.
 This is an appeal from an order entered by Chief Judge Leon R. Yankwich denying the motion of one Bertram S. Harris that Ben Wasserman be admitted to practice generally in the United States District Court for the Southern District of California.
 The motion sets up that Bertram S. Harris is a member of the bar of that court in good standing; that Ben Wasserman is a member of the bar in good standing of the following named courts: State of Arkansas, United States District Court for the Eastern District of Arkansas and United States Court of Appeals for the Ninth Circuit; and that he is possessed of good moral character and no proceedings have ever been instituted against him for disbarment or suspension. It is also set up that 'the United States District Court for the Southern District of California, is a separate and independent Court, maintaining its own roll of attorneys' and that 'Rule 1(b), of the United States District Court for the Southern District of California, requires as a condition for admission to its Bar, that the applicant be an active member in good standing, of the State Bar of California.' The balance of the motion and the affidavit in support thereof is taken up with arguments on the merits.
 The Chief Judge denied the motion. In this Court the appeal was argued twice, owing to a misunderstanding as to the time of filing briefs by counsel for Wasserman. Eugene M. Prince, J. E. Simpson, Peter E. Giannini and Michael G. Luddy, members of the California Bar, were permitted to file a brief as amici curiae.
 
 
 1
 At the outset, this Court is of opinion that the order is not appealable for the reasons set out in the motion as above quoted. It is not a final decision,[1] and therefore, under the provisions of the statute,[2] no review in this Court is permitted. The motion is not framed as a petition for a writ of mandamus. If it had been, no grounds have been shown upon which such process would issue.[3] These observations dispose of the case. But it is argued that nevertheless this Court could, in its discretion, issue the writ. The discussion of this point will illuminate the holdings previously mentioned.
 
 
 2
 As alleged, the United States District Court for the Southern District of California is a separate and independent court, maintaining its own roll of attorneys. It was created by special Act of Congress.[4] In accordance with the direction of the Federal Constitution, the territorial jurisdiction of that District Court is confined to the State of California.[5] The jurisdictional boundaries of no United States District Court cross the boundaries of a state. Each is considered a court of the particular state in which it sits and by which it is bounded. In diversity of citizenship cases, each is bound by the statutory and decisional law of the state in which it sits,[6] even as to doctrines of conflict of laws.[7]
 
 
 3
 The United States District Court for the Southern District of California is empowered as a separate and independent tribunal to make rules.[8] These rules are not in conflict with the Federal Constitution, statutes or treaties of the United States or with the Federal Rules of Criminal and Civil Procedure, but are in accordance therewith. The constitutional points which are attempted to be raised are so inconsequential and evanescent that this Court need not consider them.
 
 
 4
 This case has been argued by the attorney for Wasserman as if Wasserman were not a resident of the State of California. But the affidavit in support of the motion states distinctly that applicant is 'a resident of Los Angeles County, California, that he is not now nor was he ever a member of the State Bar of California.' Therefore, Wasserman was clearly outside the terms of the rule adopted by the court and could not bring himself within its terms. This the motion and affidavit clearly showed.
 
 
 5
 It has never been the rule anywhere that, simply because a person has been admitted to practice in the courts of Indiana, he must automatically be admitted to the courts of New York. Indeed, in some states admission to the bar of the courts of one county does not carry with it admission to other county bars. Many states do have rules of comity for admission of applicants in good standing from other states, but such rules are not obligatory. If Wasserman were admitted to the courts of the State of Arkansas and resident there, he could by comity do such acts as are recognized by the rules in the United States District Court for the Southern District of California. Admission to appellate courts of the federal system which have territorial limits covering several states or the nation involves different principles. On account of pragmatic difficulties, the separate United States District Courts do not recognize a comity in this regard with each other or with the appellate courts. Each is a separate tribunal and governed by its own rules. Some United States District Courts do not recognize admission to the courts of the state in which they are situated as the test for admission to their own bars. These courts themselves require independent examinations into character and fitness as well as oral examinations into the candidates' knowledge of the federal statutes and rules among the tests for admission. Some federal District Courts give general admission to lawyers who are admitted by the courts of other states and who are nonresidents of the state in which the District Court sits. But there is no requirement by any law or regulations, state or national, that this be done.
 
 
 6
 A resident of the State of California is not discriminated against because a rule is made by the United States District Court for the Southern District of California, the territorial limits of the jurisdiction of which are set by the borders of California, which rule applies to all residents of California. The classification is eminently reasonable and logical. Thereby the District Court, in considering the admission of attorneys, adopted the examination into learning and fitness conducted by the State Board of Bar Examiners and the Supreme Court of California. The District Court did not conduct examinations of its own for California residents, as it might have done, irrespective of whether the applicant had been admitted to the courts of California or some other state. Above and beyond this, it is a criminal offense for any person to practice law in the State of California without having been admitted to the bar of that state.[9]
 
 
 7
 While this Court does not concede that the State of California can regulate practice in federal courts,[10] nevertheless, the policy considerations mentioned below are such that a recognition by the United States District Court of the requirements of admission in the state courts and the policy behind this criminal statute is not only proper but highly commendable.
 
 
 8
 As to whether the United States District Court could permit a resident of California to practice there or be admitted to the bar of that court in view of all these considerations is a question which we are not required to pass upon here. The permission given to nonresidents of the state to maintain or defend causes under particular circumstances need not be discussed.
 
 
 9
 This discussion may be criticized as dicta in view of the ultimate determination. The discussion is necessary to meet some cases upon which Wasserman relies. If the rules of the District Court, either by text or method of administration, violated some constitutional right, privilege or immunity of Wasserman, a different situation might be presented. In In re Summers, 325 U.S. 561, 65 S.Ct. 1307, 89 L.Ed. 1795, the Supreme Court of the United States had granted certiorari to the Supreme Court of Illinois[11] in an entirely different situation than the one here. However, it was decided that the question was one which lay within the administrative authority of the state court and no federal matter was presented.
 
 
 10
 The danger that some attorney, who has been admitted to the Bar in some state which inadequately tested his professional standards of ethics, integrity and knowledge or who subsequently was guilty of unprofessional conduct there, might be permitted to practice law in California by admission generally to the United States District Court in the latter state is a grave one. Admissions by comity for the purposes of the particular case or by reason of official position of the applicant are subject to control of the District Court, which may grant or refuse in each instance. The danger mentioned above is not present here because this Court accepts the allegations that the personal integrity and professional standing of Wasserman is impeccable. But the danger does exist and far outweighs, in our opinion, any theoretical desire that there may be a uniform rule for admission in the District Courts of the United States.
 
 
 11
 In view of the notorious fact that lawyers whose qualities or acts have made them persona non grata in one state, where they may have been admitted to the courts, tend to migrate to another state where they are not as well known, the individual courts are faced with a tremendous problem in screening applicants for admission. It is not intimated that this consideration has any application to the case at bar. But what one resident of California may do, another with malign purposes may attempt.
 
 
 12
 California has faced this problem in its own courts since admission to the Union. As a result of experience, the present policy of adequate testing of the standards and conduct of applicants has been developed. The policy of the United States District Court for the Southern District of California may be criticized, but, so long as rules adopted were in conformity to the Federal Constitution, laws and treaties of the United States, which we specifically find these rules were, the matter was one of court administration and the order was not appealable. In the case where a substantial constitutional question in involved, there is a controversy so that the United States Supreme Court may take jurisdiction by certiorari. But this Court is not bound to review routine orders of denial or granting of admission of attorneys where the District Court followed its own rules and did not violate any right of applicant. Such an order is not a final determination within the meaning of the Act which gives this Court jurisdiction.
 
 
 13
 The proceeding is dismissed.
 
 
 
 [1]
 Brooks v. Laws, 92 U.S.App.D.C. 367, 208 F.2d 18; In re Jacobi, 94 U.S.App.D.C. 106, 217 F.2d 668, 669, where, in denying a petition for a writ of mandamus, the court said: 'This court held in Brooks v. Laws that an application for admission to the bar does not constitute a proceeding which requires a judicial judgment. Upon such an application there is, we held, nothing * * * which requires a judicial determination upon the facts thus openly recorded. * * * Failure or refusal to act favorably upon such an application does not constitute a judicial judgment or order and so is not appealable.' See Application of Fink, 9 Cir., 208 F.2d 898
 
 
 [2]
 65 Stat. 726, 28 U.S.C.A. § 1291. The order below is not an 'interlocutory' order such as is contemplated by 65 Stat. 726, 28 U.S.C.A. § 1292
 
 
 [3]
 Ex parte Secombe, 19 How. 9, 60 U.S. 9, 15 L.Ed. 565; Ex parte Bradley, 7 Wall. 364, 74 U.S. 364, 19 L.Ed. 214
 
 
 [4]
 The most recent of which is 62 Stat. 875, 28 U.S.C.A. s84(b)
 
 
 [5]
 Rule 4(f), F.R.Civ.P., 28 U.S.C.A
 
 
 [6]
 Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079
 
 
 [7]
 Klaxon Co. v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477
 
 
 [8]
 63 Stat. 103, 28 U.S.C.A. § 1654; Rule 83, F.R.Civ.P., 28 U.S.C.A
 
 
 [9]
 Cal.Stat. Bus. and Prof. Code, § 6126
 
 
 [10]
 See In re McCue, 211 Cal. 57, 293 P. 47
 
 
 [11]
 323 U.S. 705, 65 S.Ct. 274, 89 L.Ed. 568