**Application of Joseph J. BREWER for Admission to the Alaska Bar Association.**

No. 1643.

Supreme Court of Alaska.

Feb. 26, 1973.

Edward J. Reasor and Edgar Paul Boyko, Edgar Paul Boyko & Associates, Anchorage, for appellant.

Mary LaFollette, Executive Secretary to Alaska Bar Assn., Anchorage, for Alaska Bar Assn.

Before RABINOWITZ, C. J., and CONNOR and BOOCHEVER, JJ.

OPINION

BOOCHEVER, Justice.

On March 3, 1971, Joseph J. Brewer applied for admission to the Alaska Bar Association under reciprocity provisions. The Board of Governors of the Alaska Bar Association denied his application. This appeal has been taken from the Board's decision.[1]

The Board found that the applicant met all the criteria for admission to the bar by reciprocity under AS 08.08.140,[2] the appli-

---

1. We have taken jurisdiction pursuant to art. IV, § 1 of the Alaska Constitution which states in part: "The judicial power of the State is vested in a supreme court . . . .", and under the rule followed by the great majority of states whereby the supreme court of a state has the inherent and final authority to determine the standards for admission to the practice of law in that state. Application of Houston, 378 P.2d 644, 645 (Alaska 1963).

2. AS 08.08.140 provides:
   An attorney in good standing in the bar of another state or territory or the

cable statute, except that he had not been engaged in the "practice of law" for at least five of the six years preceding the filing of the application.[3]

Applicant's employment history with the Alaska Court System was as follows:

April 19, 1963 to April 12, 1965—Law Clerk to the Superior Court

April 12, 1965 to June 15, 1966—Assistant to Administrative Director of the Alaska Court System

June 15, 1966 to July 1, 1966 —District Court Magistrate

July 1, 1966 to date of hearing—District Court Judge

■ The Board found that the activities of the applicant prior to his appointment

as District Court Judge did not constitute active practice of law.[4] The Board did, however, find that applicant's tenure as district judge qualified as the practice of law within the meaning of AS 08.08.140(2) and Alaska Bar Rule II, section 2.[5] A technical problem arose since the applicant's application was filed on March 1, 1971 and at that time he had practiced law for less than five of the six years prior to filing his application. The five-year period of practice was, however, completed by July 1, 1971, prior to the date of the Board's decision of November 7, 1972. Despite the fact that applicant technically had not completed the requisite period of practice prior to the filing of the

District of Columbia which admits members of the Alaska Bar to the practice of law shall be admitted without examination and otherwise upon substantially the same terms and conditions as are fixed in the jurisdiction from which he has come for the admission of attorneys from this state. As a prerequisite to admission to the Alaska Bar the board shall require an attorney to take and pass an examination, unless the applicant (1) has passed a state bar examination, (2) has engaged in the active practice of law for at least five out of the previous six years before filing the application, excluding time spent in the military service of the United States, (3) is a graduate of a law school accredited by the American Bar Association, or is a graduate of any law school if he received his degree before 1950 and began his legal studies before 1940, or has been engaged in the active practice of the law for at least 10 years, and (4) meets the character requirements established by the board.

3. The Board found that applicant had passed the bar examination of the District of Columbia, was a graduate of a law school accredited by the American Bar Association and met the character requirements established by the Board.

4. We do not reach the question of whether applicant's employment as a law clerk, Assistant to the Administrative Director of the Alaska Court System and District Court Magistrate constitute the practice of law as applicant did not raise this point on appeal. Apex Concrete Co. v. Bray, 395 P.2d 514, 517 (Alaska 1964).

5. Bar Rule II; § 2 provides in relevant part:

To be certified as an attorney applicant for admission to practice law in Alaska, a person shall:

(a) File an application as required by section 1 and pay the fees required by law. . . .

(b) Comply with the citizenship, age and residence requirements set forth in section 1.

(c) Have been admitted to practice in another state, territory, or the District of Columbia, where the requirements for admission are substantially equivalent to those of Alaska. The applicant shall submit with his application a certificate from the clerk or other officer of the highest court of record of such state, territory, or the District of Columbia, in which he has previously been admitted, or from the clerk of the court of such state, territory, or District, by which attorneys are admitted, under the seal of the court showing that the applicant has been admitted to, and is entitled to practice in such state, territory, or District, and the date of his admission.

(d) Submit with his application satisfactory evidence that he has been actively engaged in the practice of law *in such state, District, or territory,* or has held a judicial position *therein,* or has been engaged in the teaching of law in an approved law school therein, and is at the time of filing his application, a member in good standing in the bar of such state, District, or territory.

application, the Board made a determination as to whether a refiling of the application after July 1, 1971 would entitle applicant to admission. We approve of that sensible procedure followed by the Board which eliminates duplication of the hearing upon the refiling of the application.

The Board concluded that "the application must fail because the applicant's service as a District Court Judge in Alaska is an in-state activity which does not meet the standard provided by Rule II of the Alaska Bar Rules which requires that the practice of law supporting a reciprocity application or application for admission without examination must be accomplished in the state or jurisdiction from which reciprocal admission is sought."

The statutory requirements for admission to the Alaska Bar by means of reciprocity make no reference to the place in which the applicant practices law, merely requiring that he engage "in the active practice of law for at least five out of the previous six years before filing the application. . . ." [6] Alaska Bar Rule II, section 2(c) requires that the applicant be admitted to practice in another state, territory or the District of Columbia where the requirements for admission are substantially equivalent to those of Alaska. Rule II, section 2(d) specifies that the applicant shall "[s]ubmit with his application satisfactory evidence that he has been ac-

tively engaged in the practice of law *in such state* . . . and is at the time of filing his application, a member in good standing in the bar of such state, District, or territory." (Emphasis added.)

It is thus clear that the bar rule requires practice of law in the state where the applicant was previously admitted. Subsection (d) contains no length of practice requirement. Subsection (f) requires, *inter alia*, that the applicant have been engaged in the active practice of law for at least five out of the previous six years before filing the application. That subsection, however, contains no statements as to the state where such practice must take place.

Accordingly, both the statute and the Alaska Bar rule require active practice of law for five out of six years prior to filing the application. The bar rule, however, contains the additional requirement of actively engaging in the practice of law in the state of prior admission.[7]

When a rule has been shown to have no rational connection with one's fitness to practice law in Alaska, we have not hesitated to hold the requirement to be of no force and effect. In Application of Park,[8] we found not only that the statutory requirement of citizenship lacked a rational connection to the applicant's fitness to practice law in Alaska, but also that the similar requirement of Alaska Bar Rule II was ineffective.

---

(f) If the attorney applicant has [1] passed a state bar examination, [2] engaged in the active practice of law for at least five out of the previous six years before filing the application, excluding time spent in the military service of the United States, [3] is a graduate of a law school accredited by the American Bar Association, or is a graduate of any accredited law school if he has been engaged in the active practice of law for at least ten years, and [4] meets the character requirements established by the Board, such applicant need not take an examination, provided he also satisfies the requirements of the foregoing subsections of this section.

(g) Unless exempt therefrom under the preceding subsection, the applicant

must have passed an examination as prescribed in section 6 of this Rule. (Emphasis added.)

6. AS 08.08.140(2).

7. Read literally, the location of practice requirements of the bar rule would be satisfied by one day's active practice. Since there is no evidence that the applicant ever practiced law in the District of Columbia, the District of his prior admission, we are not required to resolve the question of whether the Alaska Bar rule requirement should be so construed or whether the two subsections (d) and (f) should be considered together so as to require that the entire five-year practice be accomplished in the state of admission, rather than in Alaska.

8. 484 P.2d 690, 696 (Alaska 1971).

■ In applying these principles to this case, we hold that the requirement that the practice of law for a portion or all of the five-year period be in the state where the applicant was previously admitted rather than in the State of Alaska has no rational connection with his fitness to practice law in Alaska. Under the requirement of Bar Rule II, section 2(d), an applicant is entitled to admission to the Alaska Bar if he engaged in certain activity constituting the "practice of law" in the state of his prior admission. But having engaged in the same activity in Alaska he could not be admitted. As applied to the applicant in this case, if he had served as a judge in the state where he was admitted to practice, he would be entitled to be admitted to the practice of law in Alaska. Yet the performance of equivalent duties as district judge in Alaska does not qualify under the rule. Such "practice of law" in Alaska, however, where the applicant would be confronted with requirements of Alaskan laws would be more likely to qualify him for admission to practice in this state than the performance of similar functions in a different jurisdiction. Thus the requirement that the practice of law be in the state of prior admission has no rational connection with an applicant's fitness to practice law in Alaska, and we consequently hold it to be of no force and effect.

■ The Board has found that applicant's activities as district judge constitute the "practice of law,"[9] and we accordingly hold that the applicant will have met all of the necessary qualifications for admission upon resubmitting his application after the completion of five years of such practice. Upon such resubmission of the application, the Board is ordered to certify the application for admission to practice law in Alaska.[10]

ERWIN and FITZGERALD, JJ., not participating.

9. We concur in the Board's finding that serving as a district judge constitutes the "practice of law". The district judge is continuously involved with legal problems of a wide variety as indicated by the statutory jurisdiction of the District Court, AS 22.15.030 and 22.15.060. The nature of the duties includes conducting court hearings, ruling on questions of evidence, and adjudicating issues of law and fact, so as clearly to constitute the "practice of law". Moreover, Bar Rule II, section 2(d) quoted in footnote 5, *supra*, specifically equates the holding of a judicial position with the "practice of law".

10. Our holding makes it unnecessary to rule on applicant's equal protection argument. We also are not required in this case to determine whether the bar rule, which has a more stringent provision than the statute, should control the requirements for admission to practice law.