**Alexander D. RICCI**

v.

**STATE BOARD OF LAW EXAMINERS.**

Civ. A. No. 75–2653.

United States District Court,
E. D. Pennsylvania.

Jan. 21, 1977.

Alan H. Bernstein, Philadelphia, Pa., for plaintiff.

Bernard Smolens, Philadelphia, Pa., for defendant.

OPINION AND ORDER

A. L. HIGGINBOTHAM, District Judge.

Alexander D. Ricci, plaintiff herein, has brought suit against the Pennsylvania State Board of Law Examiners, alleging that

Rule 9 A(2) of the Supreme Court of Pennsylvania,[1] as interpreted by the Board, is violative of the Fourteenth Amendment to the federal Constitution in that it purportedly denies the plaintiff due process and equal protection of the laws. The plaintiff has invoked this Court's jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, 2281, and 2284.

Presently before the Court are the defendant State Board's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and the plaintiff's counter motion for summary judgment. Plaintiff further requests that if the motions for summary judgment are denied, this Court rules that this case be considered by a three-judge court pursuant to 28 U.S.C. § 2281.

There is no dispute as to the facts which have given rise to this litigation. The parties have stipulated that the plaintiff, Mr. Ricci, has been a member in good standing of the Bar of the District of Columbia since September, 1965 and that he has been a resident of Trevose, Pennsylvania since March, 1968, where he has been employed as an attorney with Betz Laboratories.[2] And, it is admitted by the defendants that but for the requirements of Rule 9 A(2), Mr. Ricci is qualified to be admitted to practice before the Supreme Court of Pennsylvania.

Plaintiff challenges the State Board of Law Examiners' interpretation of the phrase "within this state" which appears in Rule 9 A(2), contending that he falls within the scope of the Rule by virtue of his District of Columbia practice; Mr. Ricci has appeared before various federal agencies in Washington, D. C. on the average of 30 non-consecutive days per year since 1968.[3] Plaintiff further asserts that if he does not come within the ambit of Rule 9 A(2), the Rule violates 42 U.S.C. § 1983 and three provisions of the Constitution: the full-faith and credit clause; the privileges and immunities clause; and the due process and equal protection clauses of the Fourteenth Amendment.

On behalf of the defendants' motion, it has been argued that summary judgment pursuant to Rule 12(h)(2) of the Federal Rules of Civil Procedure is appropriate because the plaintiff failed to join as indispensable parties defendant either the Supreme Court of Pennsylvania or its justices. The defendants further argue that no constitutional or statutory right of the plaintiff has been violated by Rule 9. And, moreover, defendants claim that plaintiff's complaint fails to state a cause of action for which relief can be granted under § 1983 because the State Board is not a "person" within the meaning of that statute.

Upon consideration of all issues raised by the parties in their briefs and in oral argument, for the reasons herein stated, the defendants' motion for summary judgment

1. Rule 9 A(2) states in pertinent part:
   A. An attorney of the highest court of another state having jurisdiction over the admission to practice of attorneys at law (the term "state" including territories and the District of Columbia) and having a reciprocal agreement concerning admissions with the Commonwealth of Pennsylvania may, in the discretion of the State Board, be recommended for admission to the bar of this court without bar examination, if he files his Petition with the State Board and presents:
   &ast; &ast; &ast; &ast; &ast; &ast;
   2. proof satisfactory to the State Board that he practised law outside of Pennsylvania for at least five years;

2. The facts as stipulated by the parties are:
   Mr. Ricci, a native Pennsylvanian and a graduate of the Law School of the Catholic University of America in Washington, D. C., successfully passed the bar examination for the District of Columbia and was admitted to practice before the United States Court of Appeals in September, 1965. In March, 1968, Mr. Ricci moved to Trevose, Pa., and has since been employed as an attorney for Betz Laboratories in Trevose, Pa. In July, 1972 plaintiff applied for admission to the Bar of the Supreme Court of Pennsylvania under Rule 9; his application was denied. The Plaintiff subsequently reapplied for admission pursuant to Rule 9 in February, 1975 and again his application was denied.

3. It has been stipulated that Mr. Ricci has appeared before the Patent and Trademark Office, the Food and Drug Administration, the Department of Agriculture, the Department of Transportation and the Environmental Protection Agency. Stipulation, ¶¶ 2, 6.

is granted and plaintiff's motions are denied.

## I.

Two routes are available to an attorney who seeks admission to the Pennsylvania Bar. The attorney can take the written bar examination. Or, the attorney can request that the State Board of Law Examiners recommend to the Supreme Court of Pennsylvania that the applicant be exempted from the written examination, provided he (or she) can demonstrate that he meets the requirements of Rule 9 A and either section (1), (2) or (3). In the instant litigation, Mr. Ricci sought exemption from the written examination pursuant to Section (2), claiming that he had practiced law outside of Pennsylvania for 5 years.

Mr. Ricci made two applications to the State Board for such an exemption. After determining that the plaintiff . . . "clearly had not practiced law outside of Pennsylvania for at least 5 years as required by the Rules of the Supreme Court governing admission to the bar . . ." [Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment at page 6], the State Board refused to recommend plaintiff each time plaintiff applied. Plaintiff entered an appeal before the Pennsylvania Supreme Court pursuant to Rule 14(b); the Court denied each appeal without opinion.

■ A quick perusal of the Bar Admissions procedure and the facts of this case reveal that the plaintiff has failed to join the Supreme Court of Pennsylvania (or its Justices) as a necessary and indispensable party under Rule 19(a) of the Federal Rules of Civil Procedure. The Pennsylvania Constitution grants the Supreme Court the responsibility to promulgate rules governing bar admissions. In Supreme Court Rule 7 the Supreme Court vests the State Board of Law Examiners with the responsibility of enforcing the Court's rules concerning registration and admissions to the bar; the State Board is answerable to the Supreme Court of Pennsylvania.

The Supreme Court has delegated to the State Board the preliminary screening function as the Board is authorized to issue a certificate recommending admission to the bar to each applicant it has found to be fit and generally qualified under the Supreme Court's rules. Yet no person can be admitted unless the Supreme Court, upon motion of a member of the bar and submission of the certificate from the Board, grants admission.

Defendants correctly argue that in this case the ultimate goal of the plaintiff is to secure admission to the bar, a goal which, as already indicated, cannot be achieved solely by suing the State Board; this is particularly true where the Supreme Court has on two occasions affirmed the Board's determination that the plaintiff is not qualified under Rule 9 A(2). Thus, the Supreme Court is an indispensable party; the decree sought by the plaintiff will require the Court to take action, either directly or indirectly, as the State Board is only an administrative aide to the court. *Muerer v. Ryder,* 137 F.Supp. 362 (E.D.Pa.1955); *Feldman v. State Board of Law Examiners,* 138 F.2d 669, 702 (9th Cir. 1971). See also *Shields v. Barrow,* 17 How. (58 U.S.) 130, 15 L.Ed. 158 (1854); 3 A Moore's Federal Practice ¶ 19.07[1] at 2219 (1974). The State Board of Law Examiners, which lacks authority to promulgate or change rules governing admission to the bar, is not an appropriate party to this suit. *Hackin v. Lockwood,* 361 F.2d 499 (9th Cir. 1966).

■ Defendant urges that this motion for summary judgment be granted because of plaintiff's failure to join the Supreme Court. As a party defendant however, the Third Circuit has ruled that summary judgment is inappropriate in this instance. If a district court is unable to rationally proceed because of the lack of an indispensable party, an order of dismissal, rather than summary judgment, should be entered as summary judgment goes to the merits operating in bar of the cause of action, not in abatement. *Martucci v. Mayer,* 210 F.2d 259, 260 (3d Cir. 1954); *Brodsky v. Perth*

*Amboy National Bank,* 259 F.2d 705, 707 (3d Cir. 1958).

## II.

In ruling on a motion for summary judgment, this court's function is two-fold. First, this court must determine whether there is a genuine issue as to any material issue of fact. In the instant litigation, there is no factual dispute. This court's second function is to determine whether, in the absence of a genuine issue of fact, the movant is entitled to judgment as a matter of substantive law. See generally *Taylor v. Rederi A/S Volo,* 374 F.2d 545 (3d Cir. 1967); *Admiral Corp. v. Cerullo Elec. Supply Cp.,* 32 F.R.D. 379 (M.D.Pa.1961).

In his motion for summary judgment, the plaintiff has urged that this Court can ". . . interpret Rule 9 A(2) in a normal and natural way to include plaintiff and therefore order defendants to approve plaintiff's application." [Plaintiff's Memorandum at 11]. However, as the state appellate court's interpretation of a state statute or rule is conclusive and binding on the federal courts, this Court must accept the ruling of the highest state court as to the appropriate interpretation of the rule. *Commonwealth of Pennsylvania v. Brown,* 373 F.2d 771, 3 Cir., on remand 270 F.Supp. 782, D.C.Pa., aff'd 392 F.2d 120, 3 Cir., 25 A.L.R.3d 724, 391 U.S. 921, 88 S.Ct. 1811, 20 L.Ed.2d 657 (1967); *U. S. ex rel. Gallagher v. Rundle,* 273 F.Supp. 438, 441 (E.D.Pa. 1967). The Supreme Court of Pennsylvania's denials of Mr. Ricci's appeals provide clear evidence that in the eyes of the highest state court, the State Board of Law Examiners correctly found that plaintiff did not meet the qualifications of Rule 9 A(2).

The plaintiff contends that the ruling of the Alaska Supreme Court in the case *Application of Brewer,* 506 P.2d 676 (1973) is decisive and should be followed by this Court. In *Brewer,* the Alaska Supreme Court ruled that the Alaska requirement that an applicant for admission to the state bar have practiced law outside of Alaska for five years prior to admission into the Alaska bar bore ". . . no rational connection with his fitness to practice law in Alaska." 506 P.2d at 679. Essentially, the plaintiff suggests that the Alaska state court's reading of their statute is more rational than the reading which the defendants have adopted; and that therefore this court should construe Rule 9 A(2) in the same fashion—namely, to hold that the rule can be read so as to include Mr. Ricci.

Plaintiff's reliance on *Brewer* in this litigation is misplaced. It may be that if plaintiff had brought this suit in the state courts, ultimately the State Supreme Court would see fit to interpret the rule as plaintiff has requested. However, the federal District Court must accept as binding the Supreme Court of Pennsylvania's interpretation of the rule.

## III.

What must now be determined by this court is whether Rule 9 A(2) as interpreted by the Supreme Court of Pennsylvania and the State Board of Law Examiners to exclude Mr. Ricci violates rights granted him by the federal Constitution. Plaintiff contends that Rule 9 A(2) has been interpreted so as to deny him the privileges and immunities of citizenship because Rule 9 A(2) ". . . is discriminatory by Pennsylvania against its own citizens in favor of non-citizens." [Plaintiff's Memorandum at 12–13]. However, the purpose of the Privileges and Immunities Clause of Article IV, Section 2 of the U. S. Constitution is to prevent a state from discriminating against citizens of other states in favor of its own. *Hague v. C.I.O.,* 307 U.S. 496, 511, 59 S.Ct. 954, 962, 83 L.Ed. 1423 (1930). As the Fourth Circuit held in sustaining the constitutionality of a rule of the South Carolina Supreme Court which exempted from the bar examination only those attorneys admitted to practice in states granting reciprocity to South Carolina attorneys:

So long, then, as the State does not subject the migrant attorney, seeking the right to practice in the State, to no [sic] more onerous requirements than those imposed on its own citizens seeking such

right, it cannot be said that the State has violated the section. The obligation, from compliance with which the plaintiff seeks by this action to be excused, is exactly the same obligation imposed indiscriminately by the State . . . upon its own citizens in the same position as the plaintiff.

*Hawkins v. Moss,* 503 F.2d 1171, 1179–1180 (4th Cir.), *cert. denied,* 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 400 (1974).

■ In the case at bar, Mr. Ricci was treated as any other Pennsylvania resident and was required to pass the written bar examination pursuant to Rule 8. Plaintiff's rights under the privileges and immunities clause have not, therefore, been violated.

■ Plaintiff has also asserted that the defendants' action violated the Full Faith and Credit Clause of the Constitution. Mr. Ricci argues that as he is licensed to practice in the District of Columbia and has continued to practice "District of Columbia law" [Memorandum at 12] while a Pennsylvania resident, he should be entitled to practice before the State courts of Pennsylvania. Yet the right to practice law in a state court is not a privilege conferred upon a citizen by the United States Constitution or federal statutes. Furthermore, there is no inherent right to practice law in the state courts until the individual seeking the right to practice has established his or her professional and moral qualifications as proscribed by the state. It is only then that the right to practice law in that state arises. *In Re Lockwood,* 154 U.S. 116, 117, 14 S.Ct. 1082, 38 L.Ed. 929 (1894); *Brooks v. Laws,* 92 U.S.App.D.C. 367, 208 F.2d 18, 28 (1953). Admission to practice in one state is not automatic admission to practice in the courts of another state. *Application of Wasserman,* 240 F.2d 213, 214–215 (9th Cir. 1956). The observation of the Fourth Circuit in *Hawkins v. Mass.,* 503 F.2d at 1175–1176, is particularly helpful on this point:

It necessarily follows that licenses to practice law, granted by the courts of one state, have no extraterritorial effect or value and can vest no right in the holder to practice law in another state. To ac-

quire a right to practice in another state one must satisfy the requirements for qualification established by that state.

■ In addition to challenging Rule 9 A(2) on the basis of the Privileges and Immunities Clause and the Full Faith and Credit Clause, plaintiff contends that the classification created by the Rule violates the Equal Protection Clause of the Fourteenth Amendment. But, the issue is not whether the state has made a classification:

The Equal Protection Clause does not mean that a State may not draw lines that treat one class of individuals or entities differently from the others. The test is whether the difference in treatment is an invidious discrimination.

*Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973)

Once it is shown that the rule created a suspect classification the rule is subjected to strict judicial scrutiny. Plaintiff, however, has not demonstrated that Rule 9 A(2) creates a suspect classification. The rule does not classify applicants seeking the 9 A(2) exemption according to race, creed or alienage, or any classification which invidiously discriminates against an insular minority. See generally *Korematsu v. United States,* 323 U.S. 214, 216, 65 S.Ct. 193, 194, 89 L.Ed. 194 (1944); *Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954); *Jones v. Alfred Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *In re Griffiths,* 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973).

In his Memorandum, plaintiff asserts that the 1973 United States Supreme Court decision in *In re Griffiths, supra,* prompted his second application to the State Board of Law Examiners.

Yet the connection between the two cases is not apparent to this Court. In *In Re Griffiths* the United States Supreme Court ruled that Connecticut's exclusion of aliens from the practice of law violated the Equal Protection Clause of the Fourteenth Amendment. Plaintiff in the case at bar is not an alien. Moreover, Rule 9 A(2) does

not create a classification based on alienage. Rule 9 A(2) does not require Mr. Ricci to be a citizen of Pennsylvania or of the United States.

■ Absent a demonstration by the plaintiff that the challenged classification is based on a suspect criteria or the impairment of a fundamental right, a state's professional licensing statute is deemed constitutional if it is rationally related to a valid state objective. *Martin v. Walton,* 368 U.S. 25, 29, 82 S.Ct. 1, 7 L.Ed.2d 5 (1961); *Schware v. Board of Bar Examiners,* 353 U.S. 232, 259, 77 S.Ct. 752, 1 L.Ed.2d 796 (1959). As Mr. Justice Powell said in *McGinnis v. Royster,* 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973): ". . . legislative solutions must be respected if the 'distinctions drawn have some basis in practical experience,' *South Carolina v. Katzenbach,* 383 U.S. 301, 331, 86 S.Ct. 803, 15 L.Ed.2d 469 (1966), or if some legitimate state interest is advanced, *Dandridge v. Williams,* 397 U.S. 471, 486, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970)."

■ Pennsylvania's asserted state interest in promulgating Rule 9 A(2) and other rules governing the admission of attorneys to the bar of Pennsylvania is to protect the public and to assure a competent bar. See generally *Keenan v. Board of Law Examiners,* 317 F.Supp. 1350 (E.D.N.C.1970). The Pennsylvania Supreme Court can constitutionally require applicants to meet standards of professional competence as long as the standards are reasonable. *Dent v. West Virginia,* 129 U.S. 114, 122, 9 S.Ct. 231, 32 L.Ed. 623 (1884); *Chaney v. State Bar of California,* 386 F.2d 962, 965 (9th Cir. 1967). Given such a state interest, it is not unreasonable for Pennsylvania to require an attorney who seeks to avoid the written bar examination to demonstrate to the satisfaction of the State Board of Law Examiners that he or she has practiced in another state for at least five years as indication of professional competence.

■ The reasonableness of the state's classification becomes more apparent once we recognize that the issue in this litigation is in actuality the construction of a state's rule of reciprocity. What Mr. Ricci seeks to obtain is a ruling which will permit an attorney to practice in any state once he has been admitted to practice in one state. Reciprocity, however, is essentially a discretionary state function; Pennsylvania could have required that all attorneys seeking to practice before its courts pass a written bar examination. As the Court of Appeals for the Ninth Circuit stated in *Application of Wasserman, supra* :

> It has never been the rule anywhere that, simply because a person has been admitted to practice in the courts of Indiana, he must automatically be admitted to the courts of New York. . . . Many states do have rules of comity for admission of applicants in good standing from other states, but such rules are not obligatory.

It can be argued that Pennsylvania has provided a benefit for attorneys who seek to relocate. State reciprocity provisions tend to facilitate an individual attorney's ability to relocate. Such statutes represent a state's efforts to ". . . secure for its citizens an advantage by offering that advantage to citizens of any other state on condition that the other state make a similar grant." Securing for her citizens such reciprocal rights is a legitimate state interest. *Hawkins v. Moss,* 503 F.2d at 1177, citing *Martin v. Walton,* 368 U.S. at 26, 82 S.Ct. 1.

■ Admittedly, had the plaintiff remained in Washington, D. C. for five years before coming to Pennsylvania, he would have satisfied Rule 9 A(2) and would have been permitted to forego the written bar examination. But, the fact that a state rule results in "incidental individual inequality" does not render the rule offensive to the Fourteenth Amendment. *Martin v. Walton,* 368 U.S. 25, 82 S.Ct. 1, 7 L.Ed.2d 5 (1961).

■ The classification established by Rule 9 A(2) is rationally related to the state's valid state interest. Therefore the Equal Protection Clause does not sanction

scrutiny by this Court as to the wisdom of the chosen statutory scheme.

Plaintiff has also argued that Rule 9 A(2) contravenes the Due Process clause because "the Plaintiff has paid Pennsylvania taxes and has served as a leader in his community. All of this would have been lost if Plaintiff had done that which Defendants by their opposition here tell him to do; namely, stay out of the State for another two years and three months, come back and then we will admit you." [Plaintiff's Memo at page 12].

■ Yet, the valid exercise of the State Supreme Court's inherent power to regulate and control the practice of law before the courts of the state does not constitute an unconstitutional restraint on the enjoyment of plaintiff's rights. "Regulations are not unconstitutional merely because they operate as a restraint upon private rights of persons or property, or will result in a loss to individuals . . . [C]onstitutional limitations form no impediment . . . where the regulation is reasonable and bears a fair relationship to the object sought to be attained". *Aronson v. Ambrose,* 366 F.Supp. 37, 43 (D.C.1972), citing to *Martin v. Davis,* 187 Kan. 473, 357 P.2d 782, 791 (1960), appeal denied 368 U.S. 25, 82 S.Ct. 1, 7 L.Ed.2d 5, rehearing denied 368 U.S. 945, 82 S.Ct. 376, 7 L.Ed.2d 341.

As the plaintiff has failed to state a claim for which relief can be granted, defendant's motion for summary judgment is granted and the plaintiff's countermotions are denied.