# MARTIN v. WALTON, PROBATE JUDGE OF JOHNSON COUNTY, KANSAS.

No. 30.   Argued October 17, 1961.—Decided November 6, 1961.

*Howard E. Payne* argued the cause for appellant. With him on the briefs were *F. L. Hagaman* and *John Scurlock.*

*J. Donald Lysaught* argued the cause for appellee. With him on the brief were *Hugh H. Kreamer, Bernhard W. Alden* and *Kenneth C. McGuiness.*

A brief was filed by *William M. Ferguson,* Attorney General of Kansas, and *A. K. Stavely,* Assistant Attorney General, on behalf of the State of Kansas, as *amicus curiae.*

PER CURIAM.

The appeal is dismissed for want of a substantial federal question. Upon plenary consideration, we are satisfied that, both on their face and as applied to appellant, Kan. Gen. Stat., 1949, § 7–104, and amended Kan. Sup. Ct. Rules 41 and 54 promulgated by the Supreme Court of Kansas, acting within its competence under state law, are not beyond the allowable range of

state action under the Fourteenth Amendment. See, *e. g.*, *Dent* v. *West Virginia*, 129 U. S. 114; *Graves* v. *Minnesota*, 272 U. S. 425; *Schware* v. *Board of Bar Examiners*, 353 U. S. 232, 239; *Hitchcock* v. *Collenberg*, 353 U. S. 919; *Kovrak* v. *Ginsburg*, 358 U. S.. 52. We cannot disregard the reasons given by the Kansas Supreme Court for the Rules in question. 187 Kan. 473, 357 P. 2d 782. Nor does the fact that the Rules may result in "incidental individual inequality" make them offensive to the Fourteenth Amendment. *Phelps* v. *Board of Education*, 300 U. S. 319, 324.

THE CHIEF JUSTICE concurs in the result.

MR. JUSTICE WHITTAKER took no part in the disposition of this case.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

If this were a case where an attorney, though a member of the Kansas Bar, practiced law only in Missouri, the reasons for Rules 41 and 54,* as declared by the Kansas Supreme Court, would be adequate to sustain them. For

---

*Rule 41 provides in relevant part:

"*Provided further however*, The authority granted to practice law shall not be exercised except as provided under Rule No. 54 *infra*, when the licensee herein has been admitted to the Bar of another state or territory and is regularly engaged in the practice of law in such other state or territory."

Rule 54 provides:

"An attorney regularly practicing outside of this state and in good standing as a member of the Bar of the place of his regular practice may be recognized as an attorney by the courts, commissions, and agencies of this state, for any action or proceeding, but only if he has associated with him as attorney of record in such action or proceeding a member of the Bar of this state qualified under the provisions of G. S. 1949, 7–104, upon whom service may be had in all matters connected with such action or proceeding proper to be served upon an attorney of record."

we are told by that court that they were designed "to provide litigants in (Kansas) tribunals with the service of a resident attorney familiar with local rules, procedure and practice and upon whom service may be had in all matters connected with actions or proceedings proper to be served upon an attorney of record." 187 Kan. 473, 485, 357 P. 2d 782, 791.

But the facts assumed are not the facts of this case. The facts alleged in the petition for writ of mandamus, which are assumed to be true by the motion to quash, show the following: Petitioner, since 1948, has continuously maintained law offices and had a general practice of law both in Kansas City, Missouri, and in Mission, Kansas, the latter being a suburb of Kansas City, Missouri. Petitioner's home is Mission, Kansas. He is City Attorney for Mission and a member of the Board of Tax Appeals of Kansas. Many of his clients live in one State and work in the other. Their problems involve the laws and procedures of both States. He consults with as many clients in his Kansas office or home as in his Missouri office. About one-half of his earned income is derived from his Kansas practice, a large portion of which consists of practice in the probate court. To use the words of the Kansas Supreme Court, quoted above, petitioner is a "resident attorney familiar with local rules, procedure and practice and upon whom service may be had in all matters."

Four other factors were mentioned by the Kansas Supreme Court in sustaining these Rules:

1. Kansas courts and commissions "encountered difficulty in procuring the presence of the Kansas licensed attorneys officed in Missouri at the call of . . . [their] dockets."

2. there has been an "inability of Kansas officed attorneys to procure service on Missouri officed Kansas attorneys without having to proceed to another state."

3. there has been a "failure of some Kansas licensed attorneys officed in Missouri to answer calls to appear on matters of urgency."

4. there has been a "failure of those attorneys to familiarize themselves with the rules of local practice and procedure by reason of their infrequent appearance before the [Kansas] courts and tribunals." 187 Kan. 473, 482–483, 357 P. 2d 782, 790.

These four factors, applicable perhaps to "Kansas licensed attorneys officed in Missouri" (187 Kan., at 482, 357 P. 2d, at 790), plainly have no relevancy to petitioner who has an active practice in Kansas. This case is therefore quite different from those where "incidental individual inequality" (*Phelps v. Board of Education*, 300 U. S. 319, 324) results from putting many into one class, treating them all alike, and disregarding slight or minor differences among them.

If Kansas can deny this lawyer his livelihood, so can Missouri. When Kansas denies him the right to pursue his livelihood, it destroys his competence for reasons that have no relation to competency. States have great leeway in making classifications, in providing general rules, in differentiating evils by broad lines or by narrow ones. Where, however, a State declares what purpose the law has, no room is left to conceive of any other purpose it may serve. See *Allied Stores of Ohio, Inc.*, v. *Bowers*, 358 U. S. 522, 530. A law, fair on its face, may be applied in a way that violates the Equal Protection Clause of the Fourteenth Amendment. *Yick Wo v. Hopkins*, 118 U. S. 356, 373–374. Here the law as applied has no relation whatsoever to the declared evil at which the law was aimed. It is, therefore, invidious in its application, striking without reason at a citizen's activities which touch several States, as constitutionally they are entitled to do under our federal regime. Cf. *Edwards v. California*, 314 U. S. 160.

As we said in *Schware* v. *Board of Bar Examiners,* 353 U. S. 232, 239:

> "A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law. . . . Obviously an applicant could not be excluded merely because he was a Republican or a Negro or a member of a particular church. Even in applying permissible standards, officers of a State cannot exclude an applicant when there is no basis for their finding that he fails to meet these standards, or when their action is invidiously discriminatory."

Accordingly, the application of these Rules to petitioner causes him to be singled out for discriminatory treatment, even though he has passed the Kansas Bar and is equally as competent as other Kansas lawyers to practice in that State. The fact that an attorney maintains an office and practices law in two States has no "rational connection" with his "fitness or capacity to practice law" (*Schware* v. *Board of Bar Examiners, supra,* 239) and does not without more give either State the right to deprive him of his livelihood in light of the requirements of the Equal Protection Clause of the Fourteenth Amendment.