479 F.2d 75
 Mark B. ARONSON and Kenneth W. Behrend, on behalf of
themselves and all others similarly situated, Appellants,
v.
Daniel W. AMBROSE, Chairman of the District Court of the
Virgin Islands Committee of Bar Examiners, et al.
 No. 72-1472.
 United States Court of Appeals,
Third Circuit.
 Argued Feb. 1, 1973.
Decided May 22, 1973.
 
 Mark B. Aronson, Behrend & Aronson, Pittsburgh, Pa., for appellants.
 Vincent A. Gamal, Gamal & Rosskopf, Christiansted, St. Croix, V. I., for appellees.
 Before MARIS, ROSENN and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 MARIS, Circuit Judge.
 
 
 1
 This case involves the question of the constitutional validity of Rule 56(b)(5) of the Rules of the District Court of the Virgin Islands which requires an applicant for admission to the Virgin Islands bar to allege and prove that if admitted he intends to reside in and to practice law in the Virgin Islands. The validity of Rule 56(b)(4) which requires at least one year's residence before admission to the Virgin Islands bar and of Rule 56(d) which requires applicants for admission of the Virgin Islands bar to take a written examination, are also attacked. The pertinent provisions of Rule 56 are set out in the margin.[1]
 
 
 
 * * *
 
 
 
 2
 * * *
 
 
 
 * * *
 The controversy arises out of the following facts. The plaintiffs, both members of the Pennsylvania bar, filed applications for admission to the bar of the Virgin Islands. They each stated, inter alia, that they were Pennsylvania residents and intended to practice law in the Virgin Islands. The defendants, comprising the Virgin Islands Committee of Bar Examiners, informed each plaintiff by letter that the committee was unable to recommend his admission to the Virgin Islands bar for the reasons that he had not passed the Virgin Islands bar examination, that his application did not allege that he will have resided in the Virgin Islands for at least one year prior to admission to the Virgin Islands bar, and that his application did not state that, if admitted, he intended to continue to reside in the Virgin Islands, in accordance with the requirements of subdivisions (b)(4), (b)(5) and (d) of Rule 56. Thereupon, the plaintiffs, alleging violation of their constitutional rights under the Fourteenth Amendment, brought suit[2] in the District Court of the Virgin Islands for an injunction to restrain the defendants from enforcing against them these provisions of the rules governing the admission of applicants to the Virgin Islands bar and sought an order from the court directing the committee to certify them for admission to practice law in the Virgin Islands. The case was tried by Chief Judge Christian, who rejected the plaintiffs' contentions and dismissed the complaint, Aronson, et al. v. Ambrose, et al., 1972, 9 V.I. -. This appeal by the plaintiffs followed.
 The plaintiffs' principal contention, and the only one we need consider, is that Rule 56(b)(5) is unconstitutional in requiring an applicant for admission to the Virgin Islands bar to allege and prove that if admitted he intends to reside, as well as practice, in the Virgin Islands. They say that although they intend to practice law in the territory they do not intend to give up their residence or practice in Pennsylvania and that the district court erred in holding that the residence requirement of Rule 56(b)(5) did not deny them equal protection of the laws or invade their constitutional right to engage in interstate travel. In his opinion in the district court Chief Judge Christian discusses this question at length. He there describes the problems of judicial administration which would arise in his court if nonresident attorneys were to be admitted to general practice therein, problems with which he obviously is far more familiar than we can be. We find ourselves completely in accord with the views expressed and conclusions reached in his opinion and need add but a few comments.
 The interest of a state or territory in promoting the speedy and efficient administration of justice in its courts by assuring the competence and discipline of its bar is great and the actions of its legislature and courts toward these ends ought not to be interfered with except with the greatest caution and only if the measure in question is clearly constitutionally impermissible. The requirement that a lawyer must reside in the state in order to practice law there is widely recognized as an appropriate measure to promote the state concern for the proper administration of justice and is in force in most jurisdictions.[3] As Chief Judge Christian pointed out in his opinion those reasons are applicable to the Virgin Islands. Indeed they are even more compelling in that territory because of its geographic isolation from the continental United States. For as a practical matter the Virgin Islands may be reached from the mainland only by travel on limited and, frequently, congested airlines. The case load of the district court is continually increasing and it would be intolerable if the court were to be compelled to depend, even in part, on lawyers living and practicing law on the mainland more than a thousand miles away to answer urgent motion calls, attend pretrial conferences, meet trial calendars and appear on short notice as court-appointed counsel for criminal defendants.
 In Martin v. Walton, 1961, 368 U.S. 25, 82 S.Ct. 1, 7 L.Ed.2d 5, the Supreme Court had before it an appeal from the Supreme Court of Kansas [Martin v. Davis, 1960, 187 Kan. 473, 357 P.2d 782] which had upheld a rule of the court requiring an attorney regularly practicing in another state to associate with himself a member of the Kansas bar when practicing in Kansas. The Court dismissed the appeal for want of a substantial federal question, saying:
 "Upon plenary consideration, we are satisfied that, both on their face and as applied to appellant, Kan.Gen.Stat., 1949, Sec. 7-104, and amended Kan.Sup. Ct. Rules 41 and 54 promulgated by the Supreme Court of Kansas, acting within its competence upon state law, are not beyond the allowable range of state action under the Fourteenth Amendment. . . . We cannot disregard the reasons given by the Kansas Supreme Court for the Rules in question. . . . Nor does the fact that the Rules may result in 'incidental individual inequality' make them offensive to the Fourteenth Amendment. . . ."
 The appellant was licensed to practice in Missouri and Kansas and was actually a resident of Kansas. He was, nonetheless, required to associate with himself a locally practicing Kansas attorney when appearing in the Kansas courts, because he was regularly practicing law in Missouri, outside the State of Kansas. We think, as the Supreme Court of Virginia said in Application of Titus, 1972, 213 Va. 289, 191 S.E.2d 798, 801:
 "The importance of the Martin case to the question before us is this: If a state may constitutionally deny an attorney who is resident and licensed in that state the right to appear in its courts without local counsel because he regularly practices elsewhere, it surely can deny, as many states do, nonresident attorneys the right to appear pro hac vice without local counsel. And, by the same token, a state also should be able validly to deny a nonresident attorney the right to practice generally unless he agrees to become a resident upon admission. There is no difference in principle between denying a nonresident attorney the right to appear on a case-to-case basis from denying another nonresident attorney the right to practice generally."
 The Martin case thus furnishes ample support for the action of the district court in holding that the residence requirement with which we are concerned does not run afoul of constitutional limitations. In the Titus case, supra, the Supreme Court of Virginia held constitutionally valid a rule of court which requires a nonresident lawyer who desires to practice in Virginia to become a permanent resident of that state before he may be admitted to practice there. We are in full accord with the views on this question which the court expressed in that case and which are fully applicable to the case now before us. We are satisfied that Rule 56(b)(5) does not deny the plaintiffs the equal protection of the laws. We are equally satisfied, for the reasons adequately stated in Chief Judge Christian's opinion, that it does not impair their right to engage in interstate travel.
 The plaintiffs also urge the invalidity of Rule 56(b)(4) which requires an applicant to reside in the Virgin Islands for at least one year preceding his proposed admission to the Virgin Islands bar and of Rule 56(d), as it existed in May 1971 when their applications were filed, which then required every applicant for admission to the bar to pass a written bar examination except those domiciliaries of the Virgin Islands who had passed such an examination in the place where they studied law. However, in view of the plaintiffs' definite position that they intend to retain their residence in Pennsylvania after admission, which was a sufficient ground under Rule 56(b)(5) for refusing their applications, we need not consider these contentions.[4]
 The judgment of the district court will be affirmed.
 
 
 [1]
 "Rule 56. Admission to the Bar
 (b) Each applicant for examination under the preceding section must file an application with the Committee of Bar Examiners at least sixty days prior to the date prescribed for annual examination as above, in which he must allege and prove to the satisfaction of the Committee that:
 (4) He shall have resided in the Virgin Islands for at least one year immediately preceding his proposed admission to the Virgin Islands Bar; and
 (5) If admitted to practice, he intends to continue to reside in and to practice law in the Virgin Islands;
 (d) All applicants for admission to the Virgin Islands Bar shall take the written bar examination as prescribed in paragraph (a) of this rule, as amended, and shall be eligible for admission, being otherwise qualified, upon the successful completion of the said examination." 5 V.I.C. App. V.
 
 
 [2]
 The suit was instituted under the Civil Rights Act, 42 U.S.C. Sec. 1983, and the plaintiffs requested a hearing before a three-judge court pursuant to 28 U.S.C. Sec. 2281. However, that section does not authorize the convening of a three-judge court in the District Court of the Virgin Islands, since it is a territorial court and not a United States district court as defined in 28 U.S.C. Sec. 451. Stainback v. Mo Hock Ke Lok Po, 1949, 336 U.S. 368, 69 S.Ct. 606, 93 L.Ed. 741. Accordingly, the case was tried by one judge in the district court
 The constitutional rights to due process of law and to equal protection of the laws have been extended to the Virgin Islands by Section 3 of the Revised Organic Act, 48 U.S.C.A. Sec. 1561.
 
 
 [3]
 See Am.Jur.2d Desk Book, Document No. 93
 
 
 [4]
 We merely note, with respect to Rule 56 (b)(4), that the courts are divided as to the constitutional validity of pre-admission residence requirements. Compare Keenan v. Board of Law Examiners of the State of North Carolina, D.C.N.C.1970, 317 F.Supp. 1350; Webster v. Wofford, D.C.Ga.1970, 321 F.Supp. 1259; Lipman v. Van Zant, D.C.Miss.1971, 329 F.Supp. 391; and Potts v. Honorable Justices of the Supreme Court of Hawaii, D.C. Hawaii 1971, 332 F.Supp. 1392; with Suffling v. Boudurant, D.C.N.M.1972, 339 F.Supp. 257