■ ALLERTON BEVERAGE DISTRIBUTOR, INC. v. MILIZ TRANSPORTATION, INC.— Motion for reargument or resettlement granted only to the extent of vacating the order of this court entered on October 23, 1973, and directing the parties to settle an order on notice, providing for findings of fact and conclusions of law consistent with the *Per Curiam* opinion [42 A D 2d 383] filed on Appeal No. 7480, the basis of the order of October 23, 1973. Concur — Stevens, P. J., Nunez, Kupferman, Murphy and Lane, JJ.

■ In the Matter of the Application of SANDRA GALE BEHRLE, For Admission to the Bar.— Motion denied on constraint of *Matter of Tang* (39 A D 2d 357). (See, also, *Tang* v. *Appellate Div. of N. Y. Sup. Ct., 1st Dept.,* —— F. Supp. ——, affd. 487 F. 2d 138; *Suffling* v. *Bondurant,* 339 F. Supp. 257, affd. *sub nom. Rose* v. *Bondurant,* 409 U. S. 1020.) Cross motion denied. Concur — Markewich, J. P., Nunez, Murphy and Lane, JJ.; Kupferman, J., dissents in the following memorandum: While I agree with the dissent in the *Matter of Tang* (39 A D 2d 357; see, also, *Tang* v. *Appellate Div. of N. Y. Sup. Ct. 1st Dept.,* 487 F. 2d 138), I could follow the majority on constraint were it not for several differentiating factors. The petitioner was born in New York City, attended Fordham University School of Law, and while at law school was employed as a law clerk by the New York law firm of Skadden, Arps, Slate, Meagher & Flom, her now attorneys. Since graduating from law school, she has been employed full time as a law clerk by the New York law firm of Barrett, Smith, Schapiro & Simon. She resides in New Jersey with her children and her husband, who is a psychologist practicing his profession from an office in their home. She commutes to her office in New York City. It is my conclusion, therefore, that she comes within the language of the majority in the *Tang* case (p. 360) as follows: "We therefore have this situation — to practice here an attorney must be resident here or a resident of an adjoining State who commutes to his office here. If he does not have such an office he cannot continue to practice here regardless of his prior status. The situation with regard to an applicant who could not possibly have an office here for the practice of law is that he must be a resident." (Cf. *Aronson* v. *Ambrose,* 479 F. 2d 75.) In any event, the United States Supreme Court in the recent case of *Matter of Griffiths* (413 U. S. 717) determined that a resident alien can be admitted to practice law because otherwise there would be an unconstitutional discrimination under the equal protection clause of the Fourteenth Amendment. On that basis, there would be a similar discrimination if the petitioner were denied admission simply because her bedroom was in New Jersey. It is well known that the regional areas around New York, which includes the suburbs in New Jersey and Connecticut, are peopled by many whose roots are in New York City. (See the Regional Plan Association's "How To Save Urban America" by William A. Caldwell, chapter V — Town Meeting on Cities and Suburbs.)