Charles A. DEASON, Jr., Appellant,

v.

UNITED STATES DISTRICT COURT
FOR the DISTRICT OF NEW
MEXICO, Appellee.

No. 77–1635.

United States Court of Appeals,
Tenth Circuit.

Submitted Nov. 22, 1977.

Decided April 14, 1978.

Charles A. Deason, Jr., of Calhoun, Morton, Deason & Preslar, El Paso, Tex., pro se.

Victor R. Ortega, U. S. Atty., Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M., for appellee.

Before SETH, Chief Judge, and LEWIS and McWILLIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the Chief Judge of United States District Court of the District of New Mexico which denied appellant, Charles A. Deason, Jr., an attorney, admission to practice before that court. Mr. Deason was denied admission on the basis of his failure to meet the residency requirements prescribed in the local rules of the court. The Committee on Admissions of the court had recommended that the application for admission be denied.

The sole issue on appeal is whether the residency requirement of the United States District Court of New Mexico violates the appellant's constitutional right to interstate travel. We conclude that this appeal should be dismissed for want of a substantial federal question.

The appellant is an attorney who has been admitted to practice in the States of New Mexico and Texas. He is a member in good standing of the New Mexico Bar being licensed in New Mexico on January 15, 1973. At the time of admission to the New Mexico Bar appellant had satisfied all the necessary state court residency requirements which are not in question here. The appellant is a resident of the State of Texas, and has practiced law in the state courts of both states. On March 11, 1977, appellant, on behalf of Texas personal injury clients, filed a complaint in the district court of Dona Ana County, New Mexico. On April 29, 1977, defendant, Fortuna Properties, Inc., filed a petition for removal of the cause to federal district court in New Mexico based upon diversity jurisdictional grounds. Appellant Deason filed his application for admission to practice before the United States District Court together with documentation requested of him by the Committee on Admissions. The supplemental material submitted to the Admissions Committee indicated that Mr. Deason was not a resident of the State of New Mexico but was a resident of Texas.

The rule in question, Rule 3b of the local rules of the United States District Court, District of New Mexico, provides:

"b. *Eligibility for Membership.* Any attorney, *who at the time of application, is a resident of the state of New Mexico* and who is a member in good standing of

the bar of the Supreme Court of New Mexico, may apply to practice before this Court upon completion of the designated written application form, payment of the $10.00 admission fee to the Clerk of the Court, and the taking of the prescribed oath." (Emphasis added.)

The local rules, of course, permit counsel not admitted to practice before the court to appear in a particular case if local counsel is associated.

Appellant relies on *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600, in which the Court invalidated a one-year residency requirement for eligibility for welfare benefits because it violated the recipient's right to travel. Mr. Deason maintains that the Court rule must be supported by some compelling governmental interest. The Court in *Shapiro* reserved this issue in footnote 21, page 638, 89 S.Ct. page 1333:

> "We imply no view of the validity of waiting-period *or* residence requirements determining eligibility to vote, eligibility for tuition-free education, *to obtain a license to practice a profession,·*to hunt or fish, and so forth. Such requirements may promote compelling state interests on the one hand, or, on the other, may not be penalties upon the exercise of the constitutional right of interstate travel." (Emphasis added.)

In *Aronson v. Ambrose,* 479 F.2d 75 (3d Cir.), a suit was brought by Pennsylvania attorneys under the Civil Rights Act, 42 U.S.C. § 1983, claiming a violation of equal protection and right to interstate travel. The attorneys challenged a local rule of the District Court of the Virgin Islands requiring an applicant to allege and prove that if admitted to the bar, he intends to reside, as well as practice, in the Virgin Islands. The court held that the local rule did not deny the attorneys equal protection of the laws nor invade the applicants' constitutional right to engage in interstate travel. The court relied upon *Martin v. Walton,* 368 U.S. 25, 82 S.Ct. 1, 7 L.Ed.2d 5, and felt that there was a valid interest in speedy and efficient administration of justice to support such a rule. The appellee urges that the residency requirement is necessary so that the court has the assistance of advo-cates who are available for court appointments, available for local service, for docket calls, and to prevent delays of motion hearings and matters requiring short notice. Appellee argues that the Supreme Court decided in *Martin v. Walton,* 368 U.S. 25, 82 S.Ct. 1, 7 L.Ed.2d 5, the compelling state interest aspect of local rules.

In *Martin v. Walton,* 368 U.S. 25, 82 S.Ct. 1, 7 L.Ed.2d 5, however, the Court reviewed rules promulgated by the Supreme Court of Kansas which denied an attorney the right to appear in a Kansas court without associating local counsel, solely because he had his principal office and practiced regularly in Missouri. The attorney was a resident of Kansas and was duly licensed to practice law in both Kansas and Missouri. He maintained law offices in both states. The Court dismissed the appeal for want of a substantial federal question. We feel that the *Martin* case is dispositive.

We conclude the rule requiring residency before admission to practice before the United States District Court does not give rise to a substantial federal question. We conclude the order denying admission to practice was proper.

Appellant's other contentions are without merit, and the appeal is dismissed.