The Honorable Mike Harris State Senator, 27th District State Capitol, Room 136-N Topeka, Kansas 66612
Dear Senator Harris:
As senator for the 27th district you inquire whether deductions of expenses in attorney fees in workers compensation cases are controlled by Kansas model rule of professional conduct (M.R.P.C.) 1.5(d) or by K.S.A.44-536(a).
You indicate that there is a division of opinion among lawyers concerning whether expenses advanced by an attorney in a workers compensation case must be deducted before or after figuring the contingent payment of attorney fees. You inquire specifically whether M.R.P.C. 1.5(d) adopted in Supreme Court rule 226 (1995 Kan. Ct. R. Annot. 269) controls, requiring expenses to be deducted before figuring the contingent fee, or whether K.S.A. 44-536(a) controls, allowing expenses to be deducted after figuring the contingent fee on the entire amount of the settlement offer in workers compensation cases.
M.R.P.C. 1.5(d) provides in pertinent part:
 "A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (f) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, and the litigation and other expenses to be deducted from the recovery. All such expenses shall be deducted before the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the client's share and amount and the method of its determination. The statement shall advise the client of the right to have the fee reviewed as provided in subsection (e)." Supreme Court Rule 226 (1995 Kan. Ct. R. Annot. 269) (emphasis added).
M.R.P.C. 1.5(d), hereinafter the Kansas rule, is applicable to contingent fee agreements generally and provides the standard to be used for determining attorney fees in those cases that do not appear in subsection (f) dealing with domestic matters, criminal matters, or any matter where a contingent fee is precluded by statute. The Kansas rule is a modification of M.R.P.C. 1.5(d) promulgated by the American Bar Association which requires only that the contingent fee agreement state whether the expenses in question are to be deducted before or after the contingent fee is calculated. The modified Kansas version of M.R.P.C. 1.5(d) requires that the expenses be deducted before the contingent fee is calculated and is premised on the idea that if attorneys share in the expenses, they will have an interest in keeping expenses down. See Kansas Comment, M.R.P.C. 1.5 (1995 Kan. Ct. R. Annot. 270).
In contrast to the Kansas rule of professional conduct, K.S.A.44-536(a) applies only in workers compensation cases and does not specifically state when expenses may be deducted, but it has been interpreted by custom (as indicated in our facts) to allow attorneys to calculate the contingent fee first and then deduct the expenses. It provides in part:
 "(a) With respect to any and all proceedings in connection with any initial or original claim for compensation, no claim of any attorney for services
rendered in connection with securing of compensation for an employee or the employee's dependents, whether secured by agreement, order, award or judgment in any court shall exceed (1) a reasonable amount for such services or (2) the amount equal to the total of 25% of that portion of total compensation recovered and paid which is less than $10,001, 20% of that portion of total compensation recovered and paid which is greater than $10,000 and less than $20,001 and 15% of that recovered and paid which is in excess of $20,000, whichever is less in addition to actual expenses incurred, and subject to the other provisions of this section. . . ." (Emphasis added.)
The language "in addition to actual expenses incurred" was first added by the legislature in 1967 as "in addition to actual expense" and indicates that the expenses are to be deducted after the contingent fee is calculated. [See L. 1967, ch. 280, § 10 (no attorney fees for medical expenses as opposed to actual expenses where attorney fees are allowed); K.S.A. 44-536 (c) (no allowance for attorney fees on certain medical expenses or on rehabilitation benefits).] Both of the provisions in question involve fee restrictions on the practice of law and initially present a separation of powers problem.
Simply stated, the separation of powers doctrine provides that each of the branches of government is separately empowered to act by the state's constitution and is supreme within its assigned sphere, where no branch may attempt to exercise a power of a coordinate branch. Leek v. Theis,217 Kan. 784, (1975); Sickle v. Shanahan, 212 Kan. 426 (1973). However, the doctrine is not absolute in its application because the powers often overlap. Samsel v. Wheeler Transport Services, Inc. 246 Kan. 336 (1990);Behrmann v. Public Employees Relations Board, 225 Kan. 435, 442 (1979);State v. Greenlee, 228 Kan. 712, 715 (1980).
Article 3, section 1 of the Kansas constitution provides the Supreme Court with inherent power to prescribe conditions for admission to the bar, and to regulate and control the practice of law. State ex rel.Stephan v. Williams, 246 Kan. 681, 687 (1990); State ex rel. v. O'Keefe,235 Kan. 1022, 1036 (1984); State v. Shumacher, 210 Kan. 377 (1972). This inherent power to regulate officers of the court cannot be defeated by either of the other branches, although statutes may regulate its exercise. In re Gorsuch, 113 Kan. 380, 385 (1923); Martin v. Davis,187 Kan. 473, 478 (1960), app. dismissed 368 U.S. 25, 82 S.Ct. 1,7 L.E.2d 5 (1961). [See generally K.S.A. 7-103 (authorizing the Supreme Court to promulgate rules for the discipline and disbarment of attorneys); K.S.A. 7-104 (regulating attorneys from other states practicing in Kansas); K.S.A. 7-106 (establishing treble damages against an attorney guilty of collusion or deceit); K.S.A. 7-108 and 7-109
(attorney liens and amount); 7-111 (attorney disbarment); K.S.A. 1995 Supp. 7-121b (attorney fees in damage actions for acts or omissions of health care providers)].
Statutes have long regulated the area of attorney fees by changing the common law doctrine which requires parties to bear their own fees. Leikerv. Gafford, 249 Kan. 554 (1991) (absent a Supreme Court rule, express contract, or statutory authority to the contrary, parties bear their own attorney fees.) Generally these statutes do not present a separation of powers problem because the legislature's law-making power may be exercised to change common law. In many of these statutes, the attorney fees are awarded to one side or the other but the court determines whether the fee is reasonable. See State v. Stephan, 242 Kan. 336, 373 (1987) (attorney fees in indigent defense cases are a matter of cooperation between the three branches of government). In acquiescing, the courts share the power to regulate attorney fees with other branches of government so long as there is no threat to the judiciary's inherent power to regulate lawyers. In other words, courts will generally strike legislation on the basis of separation of power only if the legislation strikes at the core of the court's ability to function. Wolfram, Modern Legal Ethics (1986). The standard of substantial interference with the judiciary is a practical one and oftentimes results in the notion of comity or harmony.Stephan, ibid. A court will not declare a statute invalid when it finds that legislative intent is congenial. Wolfram, supra at 28; Succession ofWallace, 574 So.2d 348, 355 (La., 1991). For these reasons, it is important to review the legislative intent of the provisions in question to determine whether the legislation compliments the court's inherent judicial power or amounts to a usurpation of judicial power by the legislature and thus violates the separation of powers doctrine.
Both the Kansas rule and K.S.A. 44-536 require attorneys to charge "reasonable fees." However, while the application of either provision would result in a reasonable fee, the two provisions appear to conflict because the fees may differ depending on which provision is used to compute the amount. In other words, the contingent fee will differ depending on whether the expenses are deducted before or after the fee is calculated.
In order to reconcile the Kansas rule with the statute, we must balance the considerations inherent in both the judiciary's interest in the ethical and fiduciary responsibilities of an attorney in a contingent fee agreement and the legislative need to provide redress for an injured worker and to provide the means by which he or she may obtain that redress with the assistance of competent counsel. Both provisions deal with the reasonableness of a fee in a contingent fee agreement and thus attempt to achieve the same goal. See Minutes, House Committee on Labor and Industry, February 18, 1987. The Kansas rule presupposes the lawyer's role within the larger context of laws which define specific obligations. See Kansas comment following rule 1.5 on fees ["applicable law may impose limitations on contingent fees, such as a ceiling on the percentage." (1995 Kan. Ct. R. Annot. 271).] Moreover, statutes allowing an award of attorney fees are not enacted for the benefit of the attorney; rather, they are enacted to enable litigants to obtain competent counsel. Hatfield v. Wal-Mart Stores, Inc.14 Kan. App. 2d 193, 199 (1990). The statute in question is part of a statutory scheme intended foremost to benefit an injured worker by securing prompt payment of the benefits provided by the act. Hatfield, at 196-197. The statute in question not only limits the attorney fees to percentages of certain amounts (25% of $10,001, 20% of $10,001 to $20,000, 15% of 20,001 or more) it also restricts compensation in death cases, total and partial disability cases [subsection (a)] as provided for in K.S.A. 44-510c. Subsection (b) requires that the director review and approve all contracts for fees (including those based on settlement agreements under K.S.A. 44-521 and lump-sum payments under K.S.A. 44-531). The statute disallows attorney fees on compensation for medical expenses [subsection (c)], temporary total disability [subsection (d)] and imposes a cap of $250 in certain cases where there is no dispute as to any material issues [subsection (e)]. The point here is that K.S.A. 44-536
is wrought with restrictions and provisions ensuring that the fees charged by attorneys are reasonable. [See Stephan, 242 Kan. at 359;Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 719 (1974) (adequate compensation enables an attorney to serve his client and to preserve integrity and independence of the profession).] Further restricting the attorney fees by the threat of disciplinary sanctions does not further either branch's interest in providing competent counsel for those in need. If anything it could foster a chilling effect upon the injured workers compensation claim because of the inability to procure competent counsel. Lemery v. Buffalo Airways, Inc.,14 Kan. App. 2d 301, 306 (1990) ("in interpreting the attorney fee provisions of the workers' compensation statutes, the Kansas Supreme Court expressed concern about interpreting the statute to have a `chilling effect upon the prosecution by the employee of his cause of action.'" [Quoting Nordstrom v. City of Topeka, 228 Kan. 336, 341 (1980)].
Finally, the Kansas rule is a general provision intended to apply to all contingent fee agreements and is part of a rule governing attorney fees. A pertinent rule of statutory construction states that when there is a conflict between a statute dealing generally with a subject and another dealing with a certain phase of it, the specific legislation controls. State v. Keeley, 236 Kan. 555 (1987). This rule of construction obviously does not determine the outcome of our question (given that the provisions were enacted by different branches) but it should not be ignored. More relevant is the fact that the Kansas rule has much in common with K.S.A. 44-536(a). Both contain identical criteria for determining the reasonableness of a fee [subsection (a), subsection (b), respectively].
The foremost purpose of both the rule and the statute is ensuring that an attorney fee is reasonable. See Miller v. Botwin, 258 Kan. 108 (1995) (fee agreements which are otherwise reasonable "will not be ignored" because of noncompliance with M.R.P.C. 1.5 (d) [deduction of expenses before contingent fee is calculated]; the court found the contingent fee agreement reasonable but remanded for the trial court to recompute the fee as directed by the rule.) 258 Kan. at 113. We do not suggest that the rule may be ignored so long as the fee is reasonable; it clearly may not as indicated by Botwin. Rather, our position is that the statute aids the court's efforts to regulate the attorney-client relationship within very specific parameters, that serve both to make contingent fee agreements reasonable and to ensure competent representation for the injured worker.
It is our opinion that K.S.A. 44-536(a) does not amount to a usurpation of power in contravention of the separation of powers doctrine but is a statutory enactment which the court would sanction as appropriate in determining a reasonable attorney fee in workers compensation matters.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm