**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

STEVEN C. MORRISON, Esquire,
                    *Plaintiff-Appellee,*

v.

BOARD OF LAW EXAMINERS OF THE
STATE OF NORTH CAROLINA; SUSAN
FREYA OLIVE; THOMAS W. STEED,
JR.; KARL ADKINS; EDWARD J.
HARPER, II; GAIL C. ARNEKE; ROBIN
L. TATUM; CATHERINE E. THOMPSON;
WILLIAM K. DAVIS; ROY W. DAVIS,           No. 05-1257
JR.; EMIL F. KRATT; SHIRLEY FULTON;
FRED P. PARKER, III, and their
successors, in their capacities as
director and/or members of the
Board of Law Examiners,
                    *Defendants-Appellants.*

ASSOCIATION OF CORPORATE COUNSEL,
          *Amicus Supporting Appellee.*

STEVEN C. MORRISON, Esquire,
                    *Plaintiff-Appellant,*

v.

BOARD OF LAW EXAMINERS OF THE
STATE OF NORTH CAROLINA; SUSAN
FREYA OLIVE; THOMAS W. STEED,
JR.; KARL ADKINS; EDWARD J.
HARPER, II; GAIL C. ARNEKE; ROBIN
L. TATUM; CATHERINE E. THOMPSON;
WILLIAM K. DAVIS; ROY W. DAVIS,          No. 05-1348
JR.; EMIL F. KRATT; SHIRLEY FULTON;
FRED P. PARKER, III, and their
successors, in their capacities as
director and/or members of the
Board of Law Examiners,
                    *Defendants-Appellees.*

ASSOCIATION OF CORPORATE COUNSEL,
        *Amicus Supporting Appellant.*

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CA-04-92-5-BO)

Argued: November 29, 2005

Decided: June 15, 2006

Before WIDENER and SHEDD, Circuit Judges, and
Walter D. KELLEY, Jr., United States District Judge
for the Eastern District of Virginia, sitting by designation.

No. 05-1257 reversed; No. 05-1348 dismissed by published opinion. Judge Widener wrote the opinion, in which Judge Shedd and Judge Kelley concurred.

---

## COUNSEL

**ARGUED:** David J. Adinolfi, II, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellants/Cross-Appellees. Steven C. Morrison, Holly Springs, North Carolina, for Appellee/Cross-Appellant. **ON BRIEF:** Geri S. Krauss, Anthony E. Davis, HINSHAW & CULBERTSON, L.L.P., New York, New York; Michael L. Shor, CHARLOTTE CHAPTER OF ASSOCIATION OF CORPORATE COUNSEL, Charlotte, North Carolina; Brian Klemm, RESEARCH TRIANGLE AREA CHAPTER OF ASSOCIATION OF CORPORATE COUNSEL, Cary, North Carolina; Susan Hackett, ASSOCIATION OF CORPORATE COUNSEL, Washington, D.C., for Amicus Supporting Appellee/Cross-Appellant.

---

## OPINION

WIDENER, Circuit Judge:

In this 42 U.S.C. § 1983 case, Steven C. Morrison, an attorney, filed suit alleging that the requirements by the Board of Bar Examiners for obtaining comity admission to practice law in North Carolina under its Rule .0502(3) violate the Privileges and Immunities Clause of Article IV, § 2; the Equal Protection Clause of the Fourteenth Amendment; and the Privileges or Immunities Clause of the Fourteenth Amendment. On cross-motions for summary judgment, the district court found that the state prior practice requirement violated Morrison's right to travel under those Constitutional provisions and ordered the North Carolina Board of Law Examiners to admit him. *Morrison v. Board of Law Examiners*, 360 F. Supp. 2d 751, 759 (E.D.N.C. 2005). Because we are of opinion that the district court erroneously held that North Carolina could not constitutionally condi-

tion its grant of comity on practicing in a State with comity for a given number of years, we reverse.[1]

I.

Morrison graduated with honors from Indiana University School of Law in 1979. He was admitted to practice law in Indiana in 1979, Ohio in 1981, and California in 1985. Until he moved to California in 1984, Morrison maintained law offices in both Indiana and Ohio. He moved to North Carolina in July of 2000 and has lived there since. Morrison submitted a comity application for admission to the North Carolina Bar on December 13, 2003. For six years prior to filing his application, Morrison practiced law in both California and as in-house counsel in North Carolina.

North Carolina Board of Law Examiners Rule .0502 lists the requirements necessary for obtaining a comity admission. Subpart (3) of that rule requires that the applicant,

> [p]rove to the satisfaction of the Board that the applicant is duly licensed to practice law in a state, or territory of the United States, or the District of Columbia having comity with North Carolina and that in such state, or territory of the United States, or the District of Columbia, while so licensed therein, the applicant has been for at least four out of the last six years, immediately preceding the filing of this application with the Secretary, actively and substantially engaged in the full-time practice of law.

---

[1]Plaintiff's complaint took the position that any grant of comity by North Carolina for one State, but not for another, for licensed attorneys would be invalid. In its opinion, the district court dismissed this claim because it found that plaintiff had suffered no injury from that requirement, obviously referring to Article III injury. A.115. Plaintiff takes exception to that dismissal. Because a dismissal in his cross-appeal for such want of injury is a Constitutional question with jurisdictional consequences, we do not decide that question on appeal but reach the merits of the other question in the case under *Bell v. Hood*, 327 U.S. 628 (1946). *Ashwander v. TVA*, 297 U.S. 288, 346, Rule 2 (Justice Brandeis concurring) also is applicable.

N.C.B.L.E. Rule .0502(3).

On January 20, 2004, the Board advised Morrison that his application for a comity admission was denied. The Board denied his application because for four of the six years preceding his application to the Board, Morrison had practiced in a State which did not have comity with North Carolina, namely California.

On February 11, 2004, Morrison filed this suit pursuant to 42 U.S.C. § 1983, alleging that both the requirement that he be admitted to practice in a State having comity with North Carolina, and the requirement that he have practiced for four of the past six years in that State, violate the United States Constitution, particularly the Privileges and Immunities Clause of Article IV, § 2; the Equal Protection Clause of the Fourteenth Amendment; and the Privileges or Immunities Clause of the Fourteenth Amendment.

The district court granted Morrison's motion for summary judgment challenging the Board's requirement that he practice in a specific jurisdiction before obtaining a comity admission. (J.A. 110) The district court also granted the Board's motion for summary judgment as to Morrison's challenge to the comity requirement. Thus, the district court entered declaratory judgment that the Board's Rule .0502(3) is unconstitutional as applied to Morrison because it requires comity applicants, who are admitted in a comity jurisdiction and have practiced law for four of the immediately preceding six years, to have practiced in a certain jurisdiction. The district court permanently enjoined the Board from enforcing Rule .0502(3) against Morrison. Finally, because Morrison was otherwise qualified pursuant to Rule .0502(3), the district court ordered the Board to extend him a comity admission. This appeal by the Board and cross appeal by Morrison followed.

## II.

We review de novo this determination of the validity of the North Carolina regulation involved as we would a district court's determination of the Constitutionality of a state statute. See *McLaughlin v. North Carolina Board of Elections*, 65 F.3d 1215, 1221 (4th Cir. 1995).

The Board contends that Rule .0502(3) is constitutional, arguing that Morrison has been treated equally with all North Carolina residents. North Carolina residents do not have an advantage over any other State's applicants for comity admission to the bar. Instead, the Board's rule treats differently persons actively and substantially practicing law in a State having comity from those practicing in a State that does not have comity, which is neither an equal protection violation nor a violation of the privileges and immunities clause, according to the Board. We agree.

As this court stated in *Hawkins v. Moss*,

> The power of the courts of each state to establish their own rules of qualification for the practice of law within their jurisdiction, subject only to the requirements of the due process or equal protection clauses of the Fourteenth Amendment, is beyond controversy; in fact, it is a power in the exercise of which the state has "a substantial interest."

*Hawkins*, 503 F.2d 1171, 1175 (4th Cir. 1974) (citation omitted).[2] Here, Rule .0502(3) requires that the applicant be licensed to practice law in a State having comity with North Carolina and that the applicant has been actively and substantially engaged in the full-time practice of law in that State for at least four of the last six years immediately preceding the application.

Comity requirements have been upheld time and again. In *Hawkins*, a case factually very similar to the present one, a New Jersey attorney established a residence in South Carolina and sought admission to the South Carolina Bar on motion. He challenged the constitutionality of a South Carolina Supreme Court rule which allowed a bar exam exemption to those attorneys admitted to practice in a State granting reciprocity to South Carolina attorneys. The district court found that the rule did not violate the constitutional rights of individuals, such as the plaintiff, licensed by States, such as New Jersey, not

---

[2]*Hawkins* is a case involving the validity of the South Carolina comity Rule 10, which was similar to, but not the same as, the North Carolina rule involved here. For a collection of cases on the subject, we refer to Judge Russell's opinion in *Hawkins*.

granting reciprocity and this court affirmed. See also *Brown v. Supreme Court of Virginia*, 359 F. Supp. 549 (1973) (a three-judge district court case).

We observed in *Hawkins*,

> It is a familiar rule of constitutional law that a statute or rule promulgated under state authority will be found to violate equal protection *only* when it results in discrimination against a certain class and the classification is not rationally related to any legitimate state policy or interest.

*Hawkins*, 503 F.2d at 1177 (citations omitted). "Reciprocal statutes or regulations, it has been uniformly upheld, are designed to meet a legitimate state goal and are related to a legitimate state interest. For this reason, they have been found invulnerable to constitutional attack on equal protection grounds." *Hawkins*, 503 F.2d at 1178. Moreover, the "mere fact that they 'affect some groups of citizens differently than others' or that they 'result in "incidental individual inequality"'' will not render such statutes or rules invalid." *Hawkins*, 503 F.2d at 1177 (quoting *Martin v. Walton*, 368 U.S. 25, 26 (1961)).

Here, Rule .0502(3) requires that applicants be licensed in a State having comity with North Carolina and have practiced for at least four out of the last six years in such a reciprocal State. This requirement affects Morrison because he most recently practiced in California, a non-comity state with North Carolina. However, the negative impact on Morrison does not render the rule invalid. North Carolina is not discriminating against citizens of other States in favor of her own. The rule simply represents North Carolina's "undertaking to secure for its citizens an advantage by offering that advantage to citizens of any other state on condition that the other state make a similar grant." *Hawkins*, 503 F.2d at 1176-77.

Morrison and the district court insist that Rule .0502(3) includes a residency requirement, which "implicates the Fourteenth Amendment-protected third component of the right to travel" under the privileges and immunities clause of Article IV and the Fourteenth Amendment. First, Rule .0502(3) contains no residency requirement. Just as importantly, *Hawkins* decided the "privileges and immunities"

provision of the Fourteenth Amendment provides no Constitutional base for an attack on the Rule." *Hawkins*, 503 F.2d at 1178. Moreover,

> the right of federal citizenship as reflected in the "right to travel" and as protected by this provision is not to be construed to mean that a citizen carries with him from state to state an absolute right of comity to practice, not a "common occupation", but a profession, which is properly subject to state regulation, in any state to which he travels . . .

*Hawkins*, 503 F.2d at 1178-79. Also of importance is that, Rule .0502(3) treats Morrison no differently than it treats North Carolina citizens and residents. Rule .0502(3) requires all applicants seeking comity admission to have practiced in the comity state for four of the prior six years. "Thus, whether he be a life-long citizen of [North] Carolina or an individual who, like the plaintiff, has just moved to [North] Carolina, his rights under Rule [.0502] are identical." *Hawkins*, 503 F.2d at 1180. "So long, then, as the State does not subject the migrant attorney, seeking the right to practice in the State, to no more onerous requirements than those imposed on its own citizens seeking such right, it cannot be said that the State has violated" Article IV, § 2. *Hawkins*, 503 F.2d at 1179-80.

Morrison has been held to no more onerous requirements for admission to the North Carolina bar than any citizen of North Carolina. Simply because he practiced in California, a state not having reciprocity with North Carolina, for four of the last six years, does not mean that his constitutional rights have been violated. He does not meet the requirements of the North Carolina Board of Bar Examiners Rule .0502(3), a valid rule. Thus, he must seek an alternative method of gaining admission, such as taking the bar exam, as do all the other North Carolina lawyers similarly situated. We are of opinion and hold that Rule .0502(3) is valid.

Accordingly, the judgment of the district court in case No. 05-1257 is

*REVERSED*.

The appeal in case No. 05-1348 is

*DISMISSED*.